Kinsey C. J.
The question in this case is, whether the facts stated by the witness on the part of the defendants, are sufficient to exonerate them from the payment of interest subsequent to the time of the tender.
The witness states that Lewis though appointed an executor, never had acted or been qualified to act in that capacity. On this ground it would be extraordinary and we think highly unreasonable that the act of Lewis even supposing any blame could be attached to him, should prejudice the demand in question.
But we think that had he assumed the duties of an executor it would have amounted to the same thing; because the tender was made in another state, while he was engaged in other and publick business. Besides it appears from the testimony ef the same witness, that no previous na« *46 tice was given to Mr. Lewis of the proposed tender. No man is compelled to carry his bonds about with him, and under all these circumstances, we are of opinion that such a refusal, would not bring the plaintiffs within the spirit of the law which allows a deduction of interest, when the non-payment of the debt has proceeded from the laches of the creditor: — as to the rate of the continental money — it has been repeatedly ruled in this court, that when a bond was not wholly paid off, all payments of continental money so far as they affect the principal are to be liquidated, according to the tables of depreciation; but in the payment of interest it is to be taken at its nominal value, (a)
Verdict for plaintiff ^1070-10-7-1

 Note.—See Pledger v. Wade, 1 Bay. 35.