# CASES ARGUED AND DECIDED

IN THE

# Supreme Court of Georgia.

## MARCH TERM, 1895.

EDWARDS, administratrix, *v.* RICHARDS *et al.*

1. Where an equitable petition was brought to set aside a conveyance of land alleged to have been procured from the plaintiff by the fraud of the defendant, and for other appropriate relief, it was error, over the plaintiff's objection, to make the defendant's vendee a codefendant to the action, it not appearing that such vendee was either a necessary or proper party thereto.

2. The amendment to the petition which the court rejected ought to have been allowed; but even without this amendment, the petition, with the amendments which were allowed, set forth a cause of action not barred by the lapse of time, and it was error to sustain a general demurrer thereto.

March 18, 1895. Brought forward from the last term. Code, §4271 (a-c).

Equitable petition. Before Judge McWHORTER. Taliaferro superior court. February term, 1894.

H. M. HOLDEN and S. H. SIBLEY, for plaintiff. M. P. REESE, H. T. LEWIS and T. R. R. COBB, for defendants.

LUMPKIN, Justice.

Mrs. Edwards, as administratrix of W. C. Edwards, brought an equitable petition against Titus Richards, to set aside a sale of land, cancel a deed, etc. The following is a condensed statement of the material portions of her petition : The land in question belonged to the estate of her intestate. Leave to sell the same was granted to her by the ordinary upon an application, notice of which

had not been published for the full period of four weeks. At the sale which was had pursuant to this order, the land was bid off by Richards for $300.00; she conveyed the same to him by deed; he went into possession, and has been in possession ever since. Before the sale took place, and before any bid was made by any one, Richards announced publicly that he would bid off the land for the widow of the deceased; and in consequence of this announcement, which, though false, obtained credence, other persons who were present at the sale and intending to bid for the land, declined to do so, and it was knocked off to Richards for the sum above mentioned, while in point of fact the land at that time was worth $2,500.00. The statement made by Richards that he would bid for the widow was a willful misrepresentation, made with intent to deceive, and it did actually deceive, those present at the sale; and the sale was thus affected with gross fraud, to the injury of petitioner and the heirs and creditors of the deceased. The above mentioned conduct of Richards was not known to petitioner or the heirs until a short time before the bringing of this action. The petition prayed for a recovery of the land with mesne profits, and that the sale to Richards be rescinded and declared void.

There were two amendments to the petition, which the court allowed. One alleged that out of the rents and profits of the land, Richards had received more than sufficient to pay back to him the $300.00 he had paid for the land, with interest thereon; and it was prayed that he account for these rents and profits; that they be applied, as far as necessary, to the repayment to him of the $300.00 and interest; and that the plaintiff recover the balance thereof. The other amendment above referred to alleged that Richards had borrowed money and given a mortgage on this land to secure its repayment; that by reason of this mortgage, the title of petitioner

might be put in jeopardy, or at least she would be sub-
jected to the expense and annoyance of defending her
title against that mortgage.  In this amendment there
was a prayer for a money judgment against Richards
for the value of the land, to be discharged within sixty
days after the termination of the suit, by his conveying
to her an unencumbered title to the land.

Still another amendment to the petition was offered,
which the court rejected.  It alleged, that although the
petitioner's attorney, John W. Hixon, was present at
the sale of the land and heard the false announcement
made by Richards, he did not then, nor until recently,
know or ascertain that the same was untrue; or, if her
attorney did have such knowledge at the time of the
sale, or before or afterwards, by reason of some under-
standing between himself and Richards, he concealed
the fact from her.

At the trial of the case, Mr. Hixon appeared as one
of the counsel for Richards.  Defense to the petition
was made both by demurrer and by answer.

1. Before the demurrer was passed upon, a motion in
writing was made by Richards to make one Bryant a
party codefendant to the case.  In this motion it was
recited that Richards had conveyed the land to Bryant
to secure a loan of $850.00.  Over the objection of the
plaintiff, this motion was granted.  In the order making
Bryant a party, it was recited that he held a deed to the
premises, and had appeared in open court by counsel
and asked to be made a party defendant.

In view of the above mentioned amendment to the
petition, wherein a money judgment was prayed against
Richards, with the privilege to him of discharging the
same by a conveyance to the plaintiff of the land unen-
cumbered, there was no need whatever for making
Bryant a party to the case, either on his own motion, or
at the instance of Richards.  That amendment distinctly

v 95 42

recognized Bryant's rights in the premises, and prayed
for a judgment by which they would be fully protected.
It is true the amendment does not designate Bryant by
name, and alludes to the paper held by him as a mort-
gage instead of a deed; but these matters are immaterial,
and his protection would not, because of this omission
and inaccuracy, be any the less complete. Indeed, the
plaintiff does not, either directly or indirectly, attempt
to proceed against him, or ask any relief whatsoever by
which his rights would be prejudiced, or in any way
affected. So far, therefore, as Bryant is concerned, a
denial of his request to be made a party would have
been proper. Nor was it at all necessary to any right
of Richards in the premises that Bryant should be made
a codefendant. If the plaintiff can establish by evidence
the truth of her charges against Richards, she would
certainly be entitled, as against him, to the relief prayed
in the amendment last mentioned; and in this event,
there would be no necessity for having Bryant a party
to the record. If she is unable to make out her case
against Richards, the result would necessarily be a ver-
dict in his favor, and he could derive no possible benefit
from having Bryant associated with him as a code-
fendant.

2. The court ought to have allowed the amendment
which was rejected. It was all important for the plain-
tiff to show ignorance on her part of the alleged gross
fraud by which Richards had obtained title to the land.
Of course, it was to be expected that she would be met
with the defense that her counsel, Mr. Hixon, was present
at the sale and presumably representing her. When
she discovered at the trial that he was appearing for
the defendant Richards, it was altogether prudent to
strengthen her case by setting forth the facts in connec-
tion with Hixon's presence at the sale. She therefore
ought to have been permitted to allege that she derived

through her attorney no notice of the fraud practiced by Richards at the sale, her attorney having failed, either through ignorance of the falsity of the statement made by Richards, or because of collusion with him in the perpetration of the fraud, to communicate to her the fact that Richards had employed at the sale the deceitful and fraudulent means with which he is charged.

It is unnecessary, we think, to consume time or space for the purpose of proving that the petition set forth a cause of action. It certainly cannot be seriously contended that the plaintiff is chargeable with any laches. While she does not, it is true, allege the precise time when she discovered the fraud, or undertake to explain why she failed sooner to discover it, the fact that her suit was brought within seven years from the date of the sale negatives any suggestion that she is barred by the lapse of time. She certainly could not have discovered the fraud prior to the date of the sale, for it was not till then she alleges its perpetration; and even had she discovered it immediately after Richards secured his deed from her and went into possession, she would, under the repeated rulings of this court, still be in time. It was not, therefore, essential to allege with exactness the precise date of her discovery, or to do more than negative knowledge of the fraud prior to the execution of her deed to Richards. Her allegation that she had knowledge of the fraud only a short time prior to bringing her action meets this requirement fully, as it also appears by her petition that the deed to Richards was made immediately after the sale, six years or more before her action was brought.

There is little or no merit in her allegation that the notice of the application for leave to sell was not published the full time required by law; for, as she acted upon the order granting leave to sell, she should not now be heard to question its validity. But as to the

main facts of the case, there can scarcely be a doubt that if her petition is sustained by proof, the court, by a proper decree, should undo the outrageous fraud alleged to have been perpetrated by Richards against the heirs and creditors of the estate of W. C. Edwards. Of course, we must not be understood as asserting that such a fraud was in fact committed; but in dealing with a general demurrer to a petition, the allegations therein made must be taken as true.    *Judgment reversed.*