GARNER *et al. v.* BUTLER.

LUMPKIN, J. 1. Where it is sought to rescind a contract at the instance of a party defrauded, he must promptly, upon the discovery of the fraud, restore or offer to restore to the other party whatever of value he has received by virtue of such contract. Civil Code (1910), § 4305; *Tuttle v. Stovall*, 134 *Ga.* 325 (67 S. E. 806, 20 Ann. Cas. 168).

(a) Applying this principle to the facts of the present case, fraud was alleged in the sale of land by means of misrepresentations as to certain land being included in the tract and as to the time when certain timber leases would expire, but it appeared that the purchasers made a cash payment, took possession under the bond for title, and paid notes for a part of the purchase-money which fell due some months thereafter. It was not alleged when the plaintiffs discovered the fraud, or that they promptly offered to rescind, or that the other party was notified of any claim of rescission until about the time when suit was brought on a purchase-money note falling due more than a year after the purchase, though no sufficient reason was shown for the delay. It was merely alleged in general terms that the land purchased and acquired under the bond was "worth considerably less than the amount which they had agreed to pay for the same, . . and that your petitioners would not have made this trade had they known or believed that they were not acquiring the land which the agent of the vendor represented that they would acquire by making the trade."

2. In so far as the petition was based on the theory that the acts of the vendor had in effect rescinded the trade, it failed to set out a cause of action. It alleged that "on or about the 20th day of January, 1913, the said [defendant], having been advised through his agents that your petitioners were insisting upon a rescission of the trade. . . and were ready and willing, and in aid of a rescission of the said trade, to surrender back the land which had been acquired by them, upon repayment to them of the amounts advanced by them on said trade, amounting to $2,000 in cash, and the surrender and discharge by said [defendant] of the outstanding purchase-money notes which your petitioners had given for said land, while refusing to do so, did nevertheless enter upon the

said land acquired by your petitioners, and compelling the representatives of your petitioners, in control of the said land, to surrender their control and to lease the said land, did as owner of said land assume dominion and control over the same, and since said time the said [defendant] has continued to exercise dominion and control over the said land in every manner and respect, as though the same had been surrendered to said [defendant]." This did not show any direct offer to rescind, or knowledge by the defendant of a desire to rescind, until "on or about" the date of the filing of the suit on a purchase-money note which fell due more than a year after the making of the purchase. It showed that the defendant refused to rescind; and the general allegations as to interference with the plaintiff's "representatives in control of the land" were not sufficient to show rescission by him in spite of his refusal to rescind.

(a) The petition was properly dismissed on demurrer.

> Judgment affirmed.   All the Justices concur.
> DECEMBER 17, 1915.

Equitable petition.   Before Judge Cox.   Grady superior court. September 8, 1914.

*Payne & Jones, Bell & Weathers, Roscoe Luke,* and *C. E. Hay,* for plaintiffs.

*Theodore Titus, J. Q. Smith,* and *R. R. Terrell,* for defendant.