### FARNELL *et al.* v. BRADY.

GILBERT, J. 1. The court did not err in overruling the general and special demurrers to the petition.

2. "He who would have equity must do equity and give effect to all equitable rights in the other party respecting the subject-matter of the suit." Civil Code (1910), § 4521. Accordingly, as a general rule, a

14

petition to a court of equity to cancel a contract representing the sale of property, where there is no return or offer to return the consideration, is demurrable. An exception to the general rule stated above is that "a party is not obliged to return that which he is entitled to retain," as alleged in the petition in this case, to wit, that the petitioner was fraudulently induced to sell and transfer her interest in an estate to others interested therein, for a sum much less than the amount due her as one of the heirs. Treating the allegations of the petition as true for the purpose of considering the demurrer, the plaintiff is entitled to many times the amount received by her upon proper and just accounting and distribution of the. estate. Equity does not require the useless procedure upon the part of the plaintiff to return a part of her just proportion only to have it included in the larger sum due to her and which she seeks to recover. See *Collier* v. *Collier*, 137 *Ga.* 658 (3) (74 S. E. 275, Ann. Cas. 1913A, 1110); *Taylor* v. *Colley*, 138 *Ga.* 41 (4) (74 S. E. 694); *Mann* v. *Showalter*, 145 *Ga.* 269 (3), 274 (88 S. E. 968).·     *Judgment affirmed. All the Justices concur.*

No. 4425.    OCTOBER 21, 1924.

Equitable petition. Before Judge Custer. Grady superior court. March 12, 1924.

Bertha Brady filed an equitable petition against Ed Farnell, individually and as administrator of the estate of Martha M. Arline, and against certain other persons named as heirs of Martha M. Arline. The petition alleges: The plaintiff is entitled to a one-fourth interest in said estate. On December 31, 1918, Farnell came to the home of petitioner, and, pretending to represent the other heirs to said estate and that he was kin to petitioner, stated to her that he was making an effort to settle the affairs of the estate, that said estate was worth approximately $800 or $900, and that the share of petitioner would therefore be $200. Under this false and fraudulent statement by said Farnell she was induced to sign a receipt reading as follows: "Received of Ed Farnell, representing the heirs of the estate of Mrs. M. M. Arline, the sum of $200.00 in full settlement any and all interest I may have in said estate; and I hereby agree that in the event any formal execution of papers may be found necessary, that I will execute same." She has since learned that said estate was worth and brought at public sale approximately $7000. She is illiterate and unaccustomed to business affairs and commercial transactions, and she relied upon the statements made to her by her purported kinsman, the representative of the other heirs, in signing said receipt. She did not know the import thereof, or what said estate was worth, except that she understood that her deceased grandmother left some

money in bank and some real estate, and she believed at the time that said fund received by her was a distribution of the cash on hand, and that said $200.00 was her share thereof and was so told by Farnell. "As before stated, she understood and now believed that the deceased left $3500.00 in currency, $1000.00 or other large sums in Liberty bonds, a house and lot in Cairo or other house which, when sold and converted into cash, brought into the hand of said administrator $7000.00 or more, or other large sums." In ignorance of her rights in the matter, prior to learning that said estate was of greater value than had been falsely represented to her, and prior to the time of learning that she would be entitled to a greater share of said estate than $200, she spent said $200 given to her by Farnell, and the same was out of her possession, custody, or control prior to her knowledge of the fraudulent act committed upon her. She is unable to return or offer to return to Farnell, personally or in his capacity as administrator, the $200 so paid to her. Said sum so paid to her was only a part of what she was actually entitled to, and was hers of her own right and in law, and she will not in equity and good conscience be required to tender or offer to pay to Farnell the sum so received by her. The receipt given by her for the $200 is not binding upon her, because it was procured through the false and fraudulent statements mentioned, of which she was ignorant, and because she did not know the import of the same or what the estate was worth; she relied on said statements to her injury and damage; and said receipt should be delivered up and declared void.

The defendants demurred to the petition, on the grounds: (1) It does not set out a cause of action. (2) · There is a misjoinder of parties, and no fact is alleged why Farnell individually should have been made a party to said suit. (3) The petition is contradictory, because it does not appear whether plaintiff seeks to set aside the receipt referred to on the ground that Farnell obtained the same as a receipt for the money in the bank or whether he obtained the same as a conveyance of the interest of plaintiff in said estate; and because paragraph seven of the petition alleges Farnell represented that said estate was worth eight or nine hundred dollars, and paragraph eleven alleges that petitioner understood at the time said estate consisted of $3500 in money, Liberty bonds, and a house and lot in Cairo, and because plaintiff alleges in para-

graph seven that she was induced to sign said receipt as a full settlement of her interest in said estate, and in paragraph eleven alleges that she understood said instrument to be a receipt for the cash on hand belonging to said estate. (4) The allegation that Farnell represented himself to be of kin to petitioner is irrelevant and immaterial, because the same is not alleged to be untrue. (5) The allegations that petitioner is illiterate and unaccustomed to business affairs and commercial transactions, and that she relied upon the representations of Farnell and did not know the import of the paper signed by her, do not show facts which would excuse plaintiff from reading said instrument or having the same read to her if she could not read, nor why the plaintiff could not understand the words contained therein, nor any justification for relying upon the statement of Farnell. (6) No facts are alleged showing why plaintiff could not read the instrument signed by her, and the allegations show that petitioner was acquainted with the fact that said estate consisted of a large sum of money, Liberty bonds, and house and lot in Cairo, and no facts are alleged showing justification without ascertaining the value of said estate. (7) The petition does not present any excuse for failure of petitioner to return the $200 paid to her, and does not show when she discovered said estate was worth more than $800, or how and when she parted with the money received by her. (8) The allegations that said $200 is a part of the amount due to petitioner, and she should not be required to tender or offer to pay back the same, are conclusions of the pleader.

Error is assigned upon a judgment overruling the demurrer.

S. P. Cain, for plaintiffs in error.

J. R. Singletary and Hartsfield & Conger, contra.