## SASSER v. FIRST JOINT STOCK LAND BANK OF MONTGOMERY, ALA.*
### No. 8875.

Circuit Court of Appeals, Fifth Circuit.
Nov. 4, 1938.

R. J. Bacon, of Albany, Ga., for appellant.

J. M. Williams, Jr., of Montgomery, Ala., for appellee.

. Before SIBLEY, HUTCHESON, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

The appellant, Thomas J. Sasser, Jr., borrowed from the appellee, First Joint Stock Land Bank of Montgomery, $6500 in 1925. The indebtedness was secured by a security deed, and after appellant became exceedingly delinquent in his payments, the appellee foreclosed and bid the security in at the foreclosure sale. Appellee then rented the farm for the year 1935 to Mrs. Novella P. Sasser, wife of the appellant, for $600. This rental agreement between Mrs. Sasser and appellee contained a clause which granted Mrs. Sasser the right to purchase the property .by September 15, 1935. In the event of such purchase the rental agreement was to be void. Mrs. Sasser needed funds to operate the farm, and appellee agreed to waive its rental agreement in favor of a production loan provided it was furnished additional security. Appellant then executed to appellee a lien on personal property and on his interest in some realty in Sale City, Georgia, in consideration of the waiver, and as additional security.

Prior to the date of the maturity of the rental agreement Sasser. called on appellee's field representative, and stated that he was in a position to purchase the property ·under the option contained in the rental agreement. The appellee's representative informed him that the property had been sold. Shortly thereafter, appellee sought to levy a distress warrant on the crops of Mrs. Sasser to satisfy the rental agreement. Mrs. Sasser then filed a bill in equity in the Superior Court of Mitchell County, Georgia, claiming damages for failure of the appellee to sell the farm to her under the option in the rental agreement. She recovered $2000 from the appellee for the breach of the option contract. Prior to the rendition of this judgment, but subsequent to the maturity date of the rental agreement, appellant filed a petition in bankruptcy and set out in his schedule the secured indebtedness owed the

appellee. On the hearing it was admitted that the foreclosure by the bank was defective, and that the bank at no time held title to the land. At this hearing Sasser was duly adjudicated a bankrupt. After Mrs. Sasser's recovery of the $2000 judgment against the bank, Sasser filed amendments to his schedule seeking to strike the security deed, contending that a tender had been made, and that, therefore, the security was released when the tender was refused. The conciliation commissioner disallowed the amendment. On appeal to the District Court of the United States for the Middle District of Georgia, the court allowed the amendment to be filed, and required the same to be proved, and remanded the case to a reviewing conciliation commissioner. The commissioner overruled and denied the motion of Sasser, and allowed the appellee's secured claim. Sasser again appealed to the District Court, and from the adverse ruling of that court comes this appeal.

The appellant's main contention is that he is in sufficient privity with Mrs. Sasser, that when she recovered on the rental option, all matters decided in that case were res judicata as to him, and that, therefore, the tender which was proven in that trial was sufficient to release his security deed. His contention is without merit. Sasser was not a party to that suit, and had no interest therein, other than that of being a material witness testifying that he was acting as agent for Mrs. Sasser at the time he made the alleged tender. "To make a matter res adjudicata, there must be a concurrence—(1) Of identity of the subject matter; (2) Of the cause of action; (3) Of persons and parties; and (4) In the quality of the person for or against whom the claim is made." Vol. 2, Freeman on Judgments, 5th Edition, Sec. 671.

It is true that a creditor's refusal to accept proper tender of payment will release the collateral benefits under a deed given to secure a debt. Lanier v. Mandeville Mills, 183 Ga. 716, 189 S.E. 532. Tender is "An offer to deliver something, made in pursuance of some contract or obligation, under such circumstances as to require no further act from the party making it to complete the transfer." Bouv. Law Dict., Rawle's Third Rev., p. 3255.

This record shows three separate and distinct transactions: First, the security deed transaction between Sasser and the Bank; second, the rental option agreement between Mrs. Sasser and the Bank; and third, the additional security agreement between Sasser and the Bank. The appellant is attempting to tie these three separate and distinct contracts together. This cannot be done. The tender, if made at all, was on the contract between Mrs. Sasser and the Bank. Nowhere in the record does it appear that Sasser made any attempt to tender any amount on his security deed.

The judgment is affirmed.