15188

*EX PARTE* ROBINSON
GUE *ET AL.* v. ROBINSON *ET AL.*

(12 S. E. (2d), 701)

*Mr. W. B.Martin,* for appellant,

*Messrs. J. Stokes ,Salley* and *T. B. Bryant,* for respondent,

December 30, 1940.

The opinion of the Court was delivered by MR. ACTING ASSOCIATE JUSTICE L. D. LIDE.

This appeal involves only the matter of attorneys' fees as a proper charge against the estate of J. B. Robinson, deceased, for services rendered in the course of the administration thereof. J. B. Robinson, late of the County of Orangeburg, died on August 28, 1938, leaving in full force and effect his last will and testament, wherein his wife Minnie A. Robinson and his daughter Hazel C. Gue were each appointed as an executrix thereof. The estate consisted of both real and personal property, appraised as being worth approximately $105,000.00. J. Stokes Salley, Esq., of the Orangeburg bar, who had drawn the will for Mr. Robinson,

was retained by Mrs. Gue to represent her in the administration of the estate; and W. B. Martin, Esq., also of the Orangeburg bar, who had represented Mr. Robinson in many matters in his lifetime, was retained by Mrs. Robinson to represent her in the administration.

The petition for proof of the will in common form was prepared by Messrs. Salley and Martin, including the usual listing of the assets of the estate, and accompanied by their clients they presented the same to the Probate Court, and the will was duly admitted to probate in common form, both of the executrices qualifying as such. Up to this point the two legal representatives of the estate and their respective attorneys were apparently proceeding in harmony, but thereafter it appears that their paths diverged and continued so to do.

Not long after the proof of the will in common form Mrs. Robinson being dissatisfied with the provisions made for her in the will elected to claim dower, and a proceeding for the admeasurement of dower was filed by her in the Probate Court, she being represented therein by Mr. Martin as her counsel. This action was definitely in derogation of the will, although it is contended in her behalf that she was motivated by a desire to prevent a family dissention, and of course in her capacity as the widow of the deceased she was within her rights in making this election.

While the proceeding for dower was pending one of the devisees under the will, to wit, Mrs. Thelma R. Smith, daughter of the testator, filed a petition in the Probate Court to have the will proved in solemn form. Thereupon the Judge of probate, in accordance with law, issued his summons to the two executrices requiring them to prefer a petition in writing praying to be permitted to swear and examine witnesses upon the will for the publishing and confirming thereof; and pursuant to this summons Mrs. Hazel C. Gue, as one of the executrices, alone presented her petition in accordance with the statute. And the other execu-

trix, Mrs. Minnie A. Robinson, filed an answer to this petition, containing these rather remarkable allegations: "The respondent, Minnie A. Robinson, answering the petition of Hazel C. Gue, alleges: That she is co-executrix in sustaining the will, in so far as same is consistent with truth, honesty and fair dealings."

The Judge of probate upon the hearing before him sustained the will, and thereafter an appeal being taken the cause came on for trial *de novo* before the Court of Common Pleas for Orangeburg County, Judge Mann presiding. At this trial it was contended by Mr. Martin that the interest of his client, Mrs. Robinson, was adverse to that of her codefendant, Mrs. Smith, who instituted the proceedings to set aside the will, and that Mrs. Robinson was entitled to share the strikes of the jury on behalf of the estate with Mrs. Gue, but this motion was opposed by Mr. Salley, whose position was that Mrs. Robinson by her answer had in effect declared her hostility to the will and was not a proponent thereof, as the law requires. Judge Mann held that under the circumstances Mr. Salley should have the right to strike two of the jurors and Mr. Martin two, while counsel for Mrs. Smith as the contestant would have four strikes; and this method was followed in drawing the jury.

After the jury was drawn the testimony for the respective parties was taken, including the testimony of Mrs. Robinson herself, who in her direct examination in answer to her counsel's question: "You are still willing to carry out his will?" said "Yes, sir." But upon her cross examination she said, referring to the will, "It should be upset under the circumstances." And her testimony shows in the clearest possible manner that it was her opinion that the will should not be sustained because unjust, unfair and inequitable, and moreover that her husband was mentally incapable of making a will. The most casual reading of her testimony is sufficient to demonstrate her complete dissatisfaction with and disapproval of the will of her deceased husband.

After the testimony in the case had been taken Judge Mann being then fully informed of the attitude of Mrs. Robinson, and incidentally of that of her counsel, concluded that he had been in error in his ruling on the motion relating to striking the jury, and thereupon *sua sponte* ordered a mistrial.

Subsequently to this trial negotiations were had between the various parties in interest, which finally resulted in a family settlement, which was in due course presented to and approved by the Court; pursuant to which the proceedings for dower and the contest of the validity of the will were both discontinued.

Thereupon it became necessary to determine the matter of counsel fees for the attorneys representing the executrices, each of whom claimed a fee in the sum of $3,500.00 as a proper charge against the assets of the estate. Testimoney was taken before the County Judge as special Referee, and the matter came on to be heard before Judge Mann, who after due consideration thereof filed his order June 12, 1940, allowing Mr. Salley a fee of $3,500.00, as "an entirely reasonable and appropriate fee" for the services he had rendered the estate; but declining to allow Mr. Martin any fee except the sum of $100.00, which he found as a reasonable sum for representing Mrs. Robinson at the time of the original filing of the will. From this order Mrs. Robinson and her attorney, Mr. Martin, appealed to this Court.

The general principles governing the allowance of ▮ attorneys' fees for executors and administrators is very well stated in 21 Amer. Jur., 688, as follows: "Executors and administrators are entitled to an allowance of reasonable attorneys' fees. The amount which may be allowed as reasonable is necessarily left largely to the discretion of the trial Court, depending upon the circumstances of each particular case, in the absence of statute. In determining the amount of an allowance, opinions of other lawyers as to the value of the services are admissible. The Court,

in fixing the allowance, is not bound by such opinions, however, although it may not arbitrarily disregard them. On appeal, the findings of fact by the trial Court will be accepted by the appellate Court unless they are against the weight of the evidence."

Upon due consideration of the record in this case our conclusion is that the findings of the trial Court are supported by the weight of the evidence. As is indicated in the foregoing quotation, the determination of the amount of fees to be allowed in a matter of this kind should certainly be left in large measure to the sound judicial discretion of the trial Judge, especially where by reason of his position as such he is himself familiar with the services rendered; although of course where the preponderance of the evidence clearly shows that he is in error this Court may correct such error, as was done in the case of *Ex parte Landrum,* 69 S. C., 136, 48 S. E., 47.

But it will be observed here that the instant case involves no invidious distinction between two competent and reputable attorneys. Nor does the decree of the Circuit Judge depreciate the intrinsic value of the services rendered by Mr. Martin, but rather holds that such services were personal to Mrs. Robinson and not for the benefit of the estate of her husband toward whose will she had assumed the attitude of an opponent instead of a proponent. The following statements from the decree of Judge Mann are, we think, sustained by the preponderance of the evidence: "I think the Court is fully warranted in concluding from all of her testimony and her attitude upon the witness stand, that Mrs. Robinson, even back of the date at which she had filed her claim for dower and on up through the entire progress of the case, had harbored a secret purpose of making an attack on the will and never at any time exerted the least effort or expressed the least purpose of carrying out the duties imposed upon her by law to defend and establish the will. Being a consultant and adviser of Mrs.

Robinson, I can arrive at no other conclusion or inference other than that Mr. Martin, as her attorney, was equally informed as to Mrs. Robinson's wish and attitude which was later revealed in open Court. From the time that the petition for the admeasurement of dower was filed, on through the case, both Mrs. Robinson and her attorney, acting as one, I conclude have been hostile, adverse, active and determined in their purpose to destroy the will."

In the old case of *Wham v. Love, Rice, Eq.* 51, the Court lays down the sound principle that an administrator is entitled to all expenditures made by him for the preservation and benefit of the estate in his hands, including fees paid for general advice as to the most proper and profitable course of administration; but that an administrator is not entitled to costs and fees incurred in resisting the claim of the distributees, having set up a claim for himself. The Court says in this connection, referring to his charges for costs and fees: "But those, for which he now claims credit, were not incurred for the benefit of the estate, *but for his own benefit:* and it would be exceedingly unjust to charge the plaintiffs with sums expended in keeping them out of the possession of property to which the result proves they were justly entitled." (Emphasis added.)

In the case of *Butler v. Jennings,* 8 Rich., Eq., 87, reference is made to the absolute duty of an executor to do all that he can to sustain the will, and in this case a fee was allowed although the will was finally impeached and set aside. The Court says: "When the litigation was subsequently stirred and the will required to be proved in solemn form, the executor was not at liberty to withdraw or decline the litigation, and the expenses therein necessarily incurred should be allowed in his accounts."

And the opinion in this case shows the distinction between its facts and those in *Wham v. Love, supra,* where the Court properly declined to allow the administrator's claim because it was "not for maintaining his fiduciary relations,

but for advancing his private interests." See also *Turnip-seed v. Sirrine,* 60 S. C., 272, 38 S. E., 423.

Several of the exceptions raise the point that the trial judge erred, in that, he was disqualified to pass upon the issues involved, and that he should have sustained the motion of Mr. Martin to that effect. It appears, however, from Judge Mann's order settling the case for appeal that no motion was actually made to disqualify him, but that Mr. Martin did call his attention to the fact that he had tried the will case and suggested that for this reason it might be embarrassing for him to hear this phase of the matter, to which he replied in effect that where attorney's fees were at issue for settlement there was always more or less embarrassment, but that there was no reason why the matter should be passed on to some other judge, and that a personal acquaintance with the previous proceedings would better enable him to consider the questions involved. It also appears that Mr. Martin was given the opportunity to make a motion that the judge declare himself disqualified, but he declined to do so.

However, even if the suggestion made by counsel should be deemed as equivalent to such a motion we find no grounds of disqualification whatever in the record. It seems to us that counsel labors under the misapprehension that the personal familiarity of a judge, because of his official duties, with litigation involving an estate and the services of attorneys therein disqualifies him, whereas a judge may determine the fees of such attorneys upon his own knowledge without the assistance of other evidence, if in his discretion he deems it proper to do so. In the case of *Harrison v. Perea,* 168 U. S., 311, 18 S. Ct., 129, 135, 42 L. Ed., 478, the Court, in an opinion rendered by Mr. Justice Peckham, sustained a fee allowed the solicitor of an administrator, saying: "The amount [allowed the solicitor] was within the judicial discretion of the Court, and, in fixing that amount, the trial court could proceed upon its own knowledge of

the value of the solicitor's service." See also 7 C. J. S., Attorney and Client, § 191, pages 1093, 1094, and the many cases therein cited.

We have carefully considered all the exceptions, including those taken to the order settling the case for appeal, and our conclusion is that they should be overruled.

The judgment of the Circuit Court is affirmed.

MR. CHIEF JUSTICE BONHAM and MESSRS. JUSTICES BAKER, FISHBURNE and STUKES concur.