BEULAH BOPP ET AL., Appellants, v. MINNIE KNOWLES ET AL.. Respondents, No. 41091—224 S. W. (2d) 65.

Division One, November 14, 1949.

*Arnim C. Beste* and *John Nolde* for appellants; *Wayne C. Smith, Jr.,* of counsel.

*Alfred L. Grattendick* and *Kenneth W. Grattendick* for respondents.

BRADLEY, C.—Action to set aside two deeds to real estate in St. Louis, to partition the property, and to require defendants (respondents). Minnie Knowles and her husband William to account• for rents. The trial chancellor denied relief; dismissed plaintiffs' petition and what is termed a supplemental petition; this appeal followed.

The petition was in two counts; the first was to set aside a deed executed July 24, 1934, by Rosa Bopp to the property at 3130-3130A, Nebraska Avenue, St. Louis, and the second count was to set aside a deed executed June 4, 1938, by Rosa to Minnie, conveying Rosa's seven-twelfths interest in the property at 3132-3132A, Nebraska Avenue. These properties are four flats—one building; 3130A is upstairs over 3130, and 3132A is upstairs over 3132. The property lies on the east side of Nebraska Avenue, and 3130 and 3130A are on the north side of the building; hall between the flats upstairs and down.

Appellant Beulah Bopp is a niece of Rosa; the other appellants are sisters and nephews. Respondent Minnie Knowles is a niece of Rosa; respondent William Knowles is the husband of Minnie; other respondents are two nieces of Rosa, but as we understand, their interest lies with appellants. Minnie Knowles is the only defendant who filed answer.

Hereinafter we refer to these properties as 3130 and 3132. Prior to July 24, 1934, Rosa owned 3130 and she and her sister Barbara owned 3132 as tenants in common. July 24, 1934, Rosa Bopp, by warranty deed, conveyed to Minnie Knowles the property described here as 3130; the consideration recited was "one dollar and love and affection". On the same day and for the same consideration Rosa conveyed to her nephew, John Knoepfel, an appellant, her undivided one-half interest in 3132. Grantor reserved a life estate in each conveyance; she also reserved in each conveyance the right to mortgage without the consent of the grantee, his or her heirs and assigns. August 27, 1934, a little more than a month after the execution of

these deeds, John Knoepfel conveyed back to Rosa the interest he got in 3132. When Rosa executed the two deeds, Barbara, her sister, was in the City Hospital and was seriously ill; she died August 18, 1934, and Rosa inherited one-sixth of Barbara's one-half interest in 3132. So after John Knoepfel conveyed back to Rosa she held a seven-twelfths interest in 3132. June 4, 1938, Rosa conveyed her seven-twelfths interest in 3132 (involved in the second count) to Minnie Knowles; July 17, 1935, Rosa executed her will; died July 18, 1944, at the age of 88. The appeal, it seems, was from the judgment on each count of the petition, but no complaint is made here on the judgment in favor of respondent Minnie Knowles on the second count dealing with 3132. So we are concerned only with the first count which deals with 3130, conveyed to Minnie on July 24, 1934.

Appellants alleged that the deed of July 24, 1934, to Minnie Knowles was void because of fraud and misrepresentation practiced upon Rosa Bopp by Minnie and her husband in securing the execution of the deed. Briefly the charge of fraud and misrepresentation is this: Rosa and Barbara Bopp were sisters; single; old women; had lived together through life; were greatly attached to each other. We infer Barbara was the younger. July 21, 1934, Barbara, who had broken her hip in a fall, was taken to the City Hospital and died there August 18, 1934. The charge is that Minnie Knowles and her husband represented to Rosa that the hospital would take all of her property to pay Barbara's hospital bill; and by such representation procured the deed of July 24, 1934. Because of Sec. 1887 R. S. 1939, Mo. RSA Sec. 1887, the Knowleses did not testify as to the alleged misrepresentations, but the answer denied such. It appears that Minnie Knowles was reared by Rosa ·and Barbara Bopp since she was 18 months old; lived with them until she married at the age of 20; lived thereafter in one of these flats. The Knowleses say, in effect, that the consideration of the deed of July 24, 1934, was in fact love and affection as recited therein.

The trial chancellor found that the deed "was voidable in its inception, but must be deemed to have been ratified by Miss Bopp in her will dated July 17, 1935". The learned chancellor goes on to say: "This will has been admitted to probate and must be assumed to have been executed by Miss Bopp while of sound mind and as her free act and deed. It appears from the testimony of Mr. John Knoepfel that prior to the time she made this will, and presumably at the time of its making, Miss Bopp knew that she had executed this deed (of July 24, 1934) and thought she had not been treated fairly. On at least one occasion she had demanded that the property be reconveyed to her. Having this knowledge, she executed this testamentary ratification, thus indicating that she wanted this deed to stand regardless of its defects. This court feels constrained to hold that by this will this voidable deed has been validated."

If the trial court was correct in holding that the deed was ratified by the will, then it will not be necessary to consider the charge of fraud. As stated, the will was executed July 17, 1935, about a year after the execution of the deed and 9 years before testatrix died. The will was handwritten but not holographic; it was admitted to probate May 14, 1947, nearly 3 years after the death of testatrix and after this cause was commenced. The first clause directed that Minnie Knowles and her husband be appointed executors without bond; the second clause directed that the executors have full charge of her body and that she be buried in Hiram Cemetery in St. Louis County, on the lot owned by the executors. The alleged ratifying clause is the third and is as follows: "Third. I have heretofore during my life granted and conveyed to the said Minnie Knowles, wife of William Knowles, my property (here follows description of 3130), reserving to myself life estate therein, and I do hereby ratify and confirm said grant unto them and publicly declare that same was made by reason of my love and affection for them." The fourth clause bequeathed and devised all the property of which she was seized at time of her death to her heirs at law to be shared per stirpes and not per capita; the fifth clause explains that her burial site was chosen because her "late beloved sister (Barbara) is buried there"; the sixth and last clause recites that she had the advice of counsel in making the will, but that she was not influenced by him.

Appellants say that the trial chancellor found "as a fact that said deed was obtained by fraudulent representations", and that having so found, it was error to then find that it "had been or could be ratified" by the will. Appellants cite State ex rel. Mutual Life Ins. Co. v. Shain et al., 339 Mo. 621, 98 S. W. (2d) 690; Berkshire et al. v. Holcker et al., 202 Mo. App. 433, 216 S. W. 556. These cases do not support appellants' contention; they only hold that there can be no ratification where the one who has the power to ratify is ignorant of the facts; and here it must be conceded that Rosa Bopp, when she executed her will, knew all the facts pertaining to the alleged fraud perpetrated upon her when she executed the deed.

The deed was not void, but voidable. Branner et al. v. Klaber et al., 330 Mo. 306, 49 S. W. (2d) 169. The term voidable means capable of being avoided or confirmed. 67 C. J., p. 269, Sec. 11; 16 Am. Jur., Deeds, p. 450, Sec. 23. Ratification of a voidable deed may be shown by subsequent acts, words or conduct evidencing intent to ratify as by acquiescence in the conveyance for a considerable period of time or by confirmation in a valid will. 26 CJS, Deeds, p. 305, Sec. 67; 18 C. J., Deeds, p. 243, Sec. 178; Burt et al. v. Quisenberry et al., 132 Ill. 385, 24 N. E. 622; Reist's Estate (Pa. 1945), 55 District & County, 411. Counsel do not cite any case supporting the proposition that a voidable deed cannot be ratified by a valid will, and we find no such case. The Burt case and the case of Reist's

876

Estate, supra, are to the effect that a voidable deed can be ratified by a valid will, and we find no authority to the contrary. We can see no reason why such a deed may not be ratified by a valid will as well as by any other act of the grantor. There is no claim that Rosa Bopp's will, executed nearly a year after the execution of the deed, was, for any reason, invalid.

The judgment should be affirmed, and it is so ordered. *Dalton* and *Van Osdol, CC.*, concur.

PER CURIAM:—The foregoing opinion by BRADLEY, C., is adopted as the opinion of the court. All the judges concur.