## 24198. NIXON v. BROWN.

SUBMITTED JULY 10, 1967—DECIDED SEPTEMBER 7, 1967—

REHEARING DENIED SEPTEMBER 21, 1967.

*Spencer & Pace, Stephen Pace, Jr., R. T. Spencer,* for appellant.

*Joel A. Willis, Jr., Earl Staples, W. H. Stanford, Jr.,* for appellee.

ALMAND, Presiding Justice. Mae F. Brown, appellee, brought an action against John P. Nixon, appellant, seeking cancellation of a warranty deed which she had executed to him. In her original petition appellee alleged in substance: that the appel-

lant, an attorney, approached her about purchasing from her a certain described 567-acre tract of land; that appellant assured appellee there was no need for her to hire an attorney to represent her in that he would represent her interests as well as his own without a legal fee; that as her attorney appellant owed appellee a duty to protect her interests; that as part of the negotiations of the said land, appellant agreed orally to pay appellee $11,080 as a 20% discount due appellee on a second security deed on the land if paid before a designated date; that appellant agreed orally to pay off this second security deed before the designated date and assured appellee that he had sufficient money on account in a stated bank to pay the balance due on this second security deed; that appellee executed a warranty deed to the appellant conveying all of her interests and title in the said land; that appellee relied upon appellant's statements that he would pay off the second security deed before the designated date and give the $11,080 discount to her; that appellant has refused to pay the balance due on the second security deed and the designated date when the amount was due has passed; that appellant has refused to pay appellee the $11,080 discount money; that appellee is a housewife who is inexperienced in the value and sale of real estate; that appellee delivered to appellant the warranty deed to the said land, which he prepared, before he had paid her any consideration therefor "not knowing that the defendant (appellant) had no intention in the beginning of paying her the $11,080 discount money on the second security deed, as part of the consideration of the sale"; that appellee has tendered back to appellant all that she has received from him in regard to the sale of said land; and that appellant has refused to accept the tender.

Appellant filed demurrers, general and special, and an answer to the appellee's petition. Subsequently, appellee amended her petition and further alleged: that appellant assured her that the mutual benefits flowing to each of them out of the transaction would adequately compensate him for representing her; that appellant, as part of the consideration, conveyed to appellee certain Lake Joy property, but before making the conveyance he guaranteed appellee he would obtain a $15,000 loan in his

own name securing the loan with the Lake Joy property and pay off a $5,600 indebtedness against the Lake Joy property; that appellant would give appellee the balance of the $15,000 after the $5,600 indebtedness was paid; that appellee has received a deed to the Lake Joy property, but appellant has refused to obtain the loan to pay off the $5,600 indebtedness or to convey to appellee the remaining funds; that appellant had admitted to the attorney for the holder of the second security deed on the 567-acre tract of land that "he had no intention in the beginning to pay off the second security deed"; that at the outset of this sale the appellant had no intention to pay appellee the $11,080 discount money or to obtain a new loan on the Lake Joy property; and that appellee tendered to appellant the cash she received, the Lake Joy property, a reassumption of all the obligations which appellant had not paid against the conveyed tract of land and to refund to appellant all moneys he had spent to pay off liens, mortgages and judgments on said land.

The appellant objected to these amendments and filed renewed and additional demurrers, general and special, to the amended petition. The court overruled appellant's objections to the appellee's amendments and overruled appellant's demurrers to the appellee's amended petition. Thereafter, appellant made a motion for summary judgment which was denied.

Appellant assigns error on the overruling of his objections to the appellee's amendments, to the overruling of his general and special demurrers and to the denial of his motion for summary judgment.

■ Appellant contends there was nothing in the original petition to amend by and the amendments set forth a new and distinct cause of action. Both of these contentions are without merit. Clearly the original petition goes far beyond the minimal standards in showing a plaintiff and a defendant and setting out sufficient to indicate and specify some particular fact or transaction as a cause of action. *Code* § 81-1302. Further, the amendments served only to amplify or extend the cause of action and in no respect sought to set forth a new cause of action. The appellee's amendments were properly allowed over the appellant's objections.

■ Fraud will authorize equity to annul a deed no matter how solemnly executed. *Code* § 37-709. A mere failure to comply with a promise on the part of a grantee is insufficient to establish fraudulent intent. However, where the petition alleges an oral promise by the grantee to perform an act in the future as the inducement or consideration for the execution of the deed by the grantor and where the promise was made with the present intention on the part of the grantee not to comply with it, such petition sets forth a cause of action for cancellation. *Hinson v. Hinson,* 221 Ga. 291 (1) (144 SE2d 381); *Sutton v. McMillan,* 213 Ga. 90 (4) (97 SE2d 139); *Bucher v. Christopher,* 211 Ga. 317, 319 (85 SE2d 760); *Smith v. Merck,* 206 Ga. 361 (57 SE2d 326). Appellee's amended petition clearly alleges that the appellant made an oral promise to perform an act which was a part of the consideration for the execution of the deed and that the appellant had no intention from the beginning to comply with his promise.

■ Generally equity will not cancel a conveyance under which anything has been received, until repayment is made. *Harrell v. Burch,* 195 Ga. 96, 99 (23 SE2d 434); *Wynne v. Fisher,* 156 Ga. 656, 660 (119 SE 605); *Garner v. Butler,* 144 Ga. 441 (87 SE 471); *Walker v. Walker,* 139 Ga. 547 (7c) (77 SE 795); *Miller v. Cotten,* 5 Ga. 341 (6). See also *Wellborn v. Johnson,* 204 Ga. 389, 396 (50 SE2d 16). But, the appellee has alleged in her amended petition with much particularity that she has tendered to the appellant those objects and benefits she received as consideration and that the appellant has refused this tender. These allegations were sufficient to show a valid tender. Thus, the appellee's amended petition states a cause of action, and the court properly overruled the appellant's general demurrers.

· ■ Error is assigned on the overruling of several of the appellant's original and renewed special demurrers to the appellee's original and amended petition. We have carefully examined each of these demurrers and the alleged defects they seek to point out. We find each and every ground of the appellant's demurrers to be without merit. Therefore, the court properly overruled the appellant's special demurrers to the appellee's petition as amended.

■ Appellant's motion for summary judgment was not accompanied by affidavits but did have attached thereto a certified copy of a security deed the appellant had granted to the Federal Land Bank of Columbia upon the 567-acre tract of land to which appellee now seeks to cancel her warranty deed to the appellant. Appellant contends the Federal Land Bank of Columbia, as holder of a security deed on the land in question, is a necessary party to give the court jurisdiction. This contention is not meritorious. Appellee seeks only to cancel the warranty deed executed by her to the appellant and not to cancel the security deed held by the Federal Land Bank of Columbia. *Jackson v. Jackson,* 202 Ga. 634 (6) (44 SE2d 250); *Shepherd v. Armour Fertilizer Works,* 138 Ga. 555 (2) (75 SE 585); *Edwards v. Richards,* 95 Ga. 655 (1) (22 SE 690). In the event appellee is successful in canceling her warranty deed to the appellant, the land in question will still be subject to the security deed of the Federal Land Bank of Columbia. Thus, the Federal Land Bank of Columbia is not a necessary party.

■ A mere reading of the pleadings discloses there are genuine issues of material fact existing in the present case. Appellee's amended petition alleges the appellant promised to perform certain acts as consideration for the execution of a deed and that appellant made this promise with a present intent not to comply with it. Appellant, in his answer, denied each of these material allegations. Obviously, this would give rise to issues of material fact especially upon this issue of fraudulent intent. Therefore, the motion for summary judgment was properly denied.

*Judgment affirmed. All the Justices concur.*