24221.  COWART v. GAY et al.

UNDERCOFLER, Justice. Mrs. B. L. Gay and Beatrice Gay Davis brought this action in four counts against J. R. Cowart to rescind a 10-year lease of farm land given by the plaintiffs to the defendant on August 15, 1960, to become effective on January 1, 1965, for a rental of $1,000 per year payable on January 10 of each year and to enjoin the defendant from occupying and using the premises under said lease.

Count 1 of the petition, as amended, alleges that in order to procure said lease, the defendant promised the plaintiffs, with a present intent not to perform such promises, to release and vacate the land upon their request; to pursue sound practices of husbandry; to perform necessary maintenance

and repair of buildings and fences; to plant the various crop allotments; not to place the land in the rental and land retirement programs of the United States Department of Agriculture; and that the defendant did not comply with his promises regarding practices of husbandry and the repairing of the buildings and fences.

Count 2, as amended, incorporates the allegations of Count 1 and further alleges that the defendant is paying a grossly inadequate rental and that he is annually receiving from the United States Department of Agriculture under its various crop rental and retirement programs fees of more than twice the annual rental paid.

Count 3, as amended, incorporates the allegations of Count 1 and further alleges that the lease is so indefinite as to be a nullity because there is no identity of the rental purpose; that the property described in the lease is stated to be 315 acres, more or less, when in fact there are 515 acres in the tracts described and therefore it cannot be determined what portion of the land was leased, and there are no provisions in the lease concerning the defendant's use or denial of use of the various buildings located on said land. Plaintiffs also allege that the defendant has rented certain buildings on said premises and has asserted a claim to a large and valuable collection of scrap iron found thereon.

Count 4 incorporates the allegations of Count 1, except the portions thereof alleging unsound practices of husbandry and failure to repair the buildings and fences, and asserts that the lease was entered into under a mutual mistake as to its consideration because its term began more than four years after its execution and the parties could not have anticipated the economic circumstances existing at the beginning date of occupancy.

The defendant demurred generally to the petition and to each count thereof. Thereafter the plaintiffs amended the petition and the defendant filed a renewal demurrer reasserting his original demurrers. Upon a hearing the trial judge overruled the defendant's renewed general demurrer and this appeal is from that judgment. *Held:*

1. Fraud will authorize a court of equity to set aside a written instrument. *Code* § 37-709. However, the mere failure to comply with a promise to perform an act in the future is not fraud in a legal sense. *Pantone v. Pantone,* 203 Ga. 347 (46

SE2d 498) ; *Jackson v. Brown,* 209 Ga. 78 (2) (70 SE2d 756) ; *Beach v. Fleming,* 214 Ga. 303, 306 (104 SE2d 427). But when the failure to perform the promised act is coupled with the present intention not to perform, fraud, in the legal sense, is present. This is known as inceptive fraud, and is sufficient to support an action for cancellation of a written instrument. *Bucher v. Christopher,* 211 Ga. 317, 319 (85 SE2d 760) ; *Sutton v. McMillan,* 213 Ga. 90, 95 (97 SE2d 139). The rule is stated in *Smith v. Merck,* 206 Ga. 361, 370 (57 SE2d 326) where it is said: "Where the allegations of a petition show the promise of the grantee was the consideration inducing execution of a deed, and that it was made with the present intention on the part of the grantee not to comply with it, such petition sets forth a cause of action for cancellation." *Hinson v. Hinson,* 221 Ga. 291, 292 (1) (144 SE2d 381) ; *Nixon v. Brown,* 223 Ga. 579 (2) (157 SE2d 20).

Also as a general equitable principle *Code* § 37-104 provides: "He who would have equity must do equity, and give effect to all equitable rights in the other party respecting the subject-matter of the suit." Accordingly, a petition to a court of equity to cancel a contract, where there is no return or offer to return the consideration, is demurrable. "An exception to the general rule stated above is that a party is not obligated to return that which he is entitled to retain." *Farnell v. Brady,* 159 Ga. 209 (2) (125 SE 57). The petition in this case shows that the defendant had the use of the premises for the two years for which the rent was received. Therefore, the plaintiffs were entitled to the rents and there is no obligation on their part to return the rent in order to maintain this action. 51 CJS 848, § 230 (5).

The defendant also contends that the doctrine of laches should apply to this count of the petition since the contract was entered into on August 15, 1960, and suit was not filed to cancel it until February 7, 1967. There is no merit in this contention since the plaintiffs could not know that the defendant would not keep his promises set out above until he actually occupied the premises on January 1, 1965. Since he has been in possession of the land for approximately only two years, it cannot be said that the plaintiffs were so derelict in seeking equitable relief as to amount to laches. *Hughes v. Cobb,* 195 Ga. 213 (3) (12 SE2d 701).

Tested by the above stated legal principles, the allegations of

Count 1 of the petition are sufficient to support an action for the cancellation of the written instrument and the trial judge did not err in overruling the general demurrer interposed thereto.

2. The plaintiffs have incorporated Count 1 into Counts 2 and 3 and since Count 1 sets out a cause of action, it follows, therefore, that Counts 2 and 3 are not subject to general demurrer and the trial court properly overruled the demurrers thereto. *Wellborn v. Johnson,* 204 Ga. 389, 394 (1) (50 SE2d 16).

3. The allegations of Count 4 of the petition do not include all of the allegations of Count 1. Count 4 does not include that portion of Count 1 which alleges that the defendant failed to carry out his promises. Accordingly, the allegations of Count 1 included in Count 4 are insufficient to state a cause of action for inceptive fraud in the procurement of the lease contract as held in Division 1 of this opinion. Therefore, Count 4 attempts to set out only a cause of action for mutual mistake.

"Courts of equity will grant relief against mistake. The mistake relievable against must be in reference to a material present or past fact. A mistake in opinion or mental conclusion as to an uncertain future occurrence, or the accident or surprise of economic change, does not afford ground for equitable relief." *Callan Court Co. v. Citizens & Southern Nat. Bank,* 184 Ga. 87 (3), 130 (190 SE 831) and the cases there cited. The allegations of Count 4 that the lease was entered into under a mutual mistake as to its consideration because its term began more than 4 years after its execution and the parties could not have anticipated the economic circumstances existing at the beginning date of occupancy is not sufficient to set forth a cause of action against the defendant. The trial judge erred in overruling the general demurrer to Count 4 of the petition.

*Judgment affirmed in part; reversed in part. All the Justices concur.*

ARGUED SEPTEMBER 12, 1967—DECIDED SEPTEMBER 21, 1967—REHEARING DENIED OCTOBER 5, 1967.

*Fulcher, Fulcher, Hagler, Harper & Reed, W. M. Fulcher, James T. Wilson, Jr., J. P. Cheney,* for appellant.

*Allen & Edenfield, Francis W. Allen,* for appellees.