Johnnie **DAVIS**, by next friend, Ben W.
Hutchinson, Plaintiff,

v.

James **MULLIS**, Defendant.

Civ. A. No. 606.

United States District Court

S. D. Georgia.

Feb. 14, 1969.

Arthur C. Farrar, Douglas, Ga., J. B. McGee, Jr., Waycross, Ga., for plaintiff.

Leon A. Wilson, II, Waycross, Ga., Robert B. Sumner, Douglas, Ga., for defendant.

## ORDER ON MOTIONS

LAWRENCE, District Judge.

### I

Defendants move for dismissal on the ground that no diversity of citizenship existed at the time the litigation commenced. The complaint alleges that plaintiff is a resident of Florida. He apparently lived in Georgia at the time the deed, which is the subject of the suit, was signed by him and delivered to James Mullis, a defendant.* According to the complaint, Davis has "a feeble and imbecilic mind" and is an "uneducated and illiterate person who cannot carry on a coherent conversation and understand simple business matters." Counsel for defendants contend that plaintiff is still a Georgia citizen because the complaint shows on its face that he was and is legally incapable of changing his domicile because he is not *sui juris*. See Georgia Code §§ 79–406, 79–407.

The action is brought on plaintiff's behalf by a next friend and defendants argue that since the suit proceeds through a *prochein ami* he is necessarily *non compos mentis* and was incapable of making an effective election to change his domicile from Georgia to Florida.

* At a hearing before Judge Scarlett on July 14, 1967, certain exhibits became part of the record, including an option dated March 16, 1965, which refers to the First Party as "Johnnie H. Davis, of the State of Georgia and County of Ware."

I suggested at the oral argument that bringing a suit through a next friend is not a conclusive badge of a plaintiff being *non compos*. The cases show that I was correct in this surmise. "Persons who, through weakness of mind, are not capable of suing for themselves, however, may sue by their next friend, even though they are not actually insane." 44 C.J.S. Insane Persons § 134, p. 292. " * * * it appears that an action may be maintained by a next friend or guardian ad litem on behalf of one who, because of weakness of mind short of insanity, is incapable of suing for himself." Cull v. Pfeifer (Mo.), 307 S.W.2d 424 at 428. In Kaplan v. Kaplan (Tex.Civ.App.), 373 S.W.2d 271, the Court said (p. 272):

"The law presumes that an adult person is of sound mind and is capable of managing his own affairs. Where a petition is filed by a next friend, alleging that a person is of weak or unsound mind and not capable of taking care of his own affairs, this presumption is not destroyed, but it is presumed that the action is brought with the permission and such consent as this person is capable of giving and that it is in fact his suit."

These cases, however, are not conclusive in view of the fact that the complaint describes Davis as being "non compos mentis." At the commencement of the action on May 15, 1967, he was therefore, on the basis of the pleadings, not merely imbecilic and weak-minded; he was insane though never adjudicated to be such.

Coppedge v. Clinton, 10 Cir., 72 F.2d 531 was a diversity case involving the same issue that concerns us here. The only difference was the fact that a guardian of the person and property of the incompetent had been appointed prior to the litigation. Clinton moved his

Defendants contend that the motion to dismiss should be treated as one for summary judgment, embracing matters outside the pleading, as provided in Rule 12(b).

residence from Oklahoma to Arkansas and the defendant asserted that, as an incompetent, he could not change his domicile and citizenship. The Court said (p. 533):

"Whether an incompetent may change his domicile depends on the extent to which his reason is impaired. A comparatively slight degree of understanding is required. It is sufficient if he understands the nature and effect of his act."

The Court of Appeals further stated that if the incompetent had the requisite mental capacity to determine where he wanted to reside permanently, the laws of Oklahoma could not have the extraterritorial effect of preventing him from acquiring a domicile in Arkansas.

■ Where a guardian has been appointed the incompetent bears the burden of proof to show sufficient mental capacity to establish a new domicile. Coppedge v. Clinton, *supra*; Foster v. Carlin, 4 Cir., 200 F.2d 943, 946. Where no legal guardian has been appointed, as here, it is possible that the burden of proof is not upon the incompetent but upon the other party.

The record before me is too sketchy to make any final determination of these issues as a matter of law. The answers of plaintiff to the Interrogatories filed by defendants indicate to me that Davis was competent in the eyes of the law to effect a valid change of permanent residence. However, at this point I cannot say whether at the time Davis moved to Florida to live he possessed the small degree of understanding required to make a domiciliary change or whether he was wholly bereft of reason and understanding. Rule 12(b) provides that in treating a motion to dismiss the complaint as a motion under Rule 56 "all parties shall be given reasonable opportunity to present all material made pertinent to such a motion." For the time being I will reserve any definitive ruling on this issue.

II

■ Defendants also move to dismiss on the ground that plaintiff has neither alleged nor has made in fact tender of the purchase price. The necessity for repayment or tender of the purchase price in an action for cancellation of a deed is not denied by plaintiff and is a well established principle of Georgia law. Nixon v. Brown, 223 Ga. 579, 157 S.E.2d 20; Cowart v. Gay, *et al.*, 223 Ga. 635, 157 S.E.2d 466; Coleman v. McAdams, 214 Ga. 616, 106 S.E. 2d 840; Harrell v. Burch, 195 Ga. 96, 23 S.E.2d 434; Wynne v. Fisher, 156 Ga. 656, 119 S.E. 605. As an excuse for failure to make a tender plaintiff avers that the original grantee, James Mullis, stated to him that he under no circumstances would reconvey the property in dispute. Equity does not require that which is futile. Where a party to whom tender must be made indicates that the same will be refused the necessity therefor is obviated. Groover v. Brandon, 200 Ga. 153, 36 S.E.2d 84; Hefner v. Hall, 223 Ga. 148, 154 S.E.2d 293; Rogers v. Citizens Bank Greensboro, Ga., 92 Ga. App. 399, 88 S.E.2d 548; G. V. Corp. v. Bob Todd Realty Co., 102 Ga.App. 190, 115 S.E.2d 611.

■ As to James Mullis, the allegations in the complaint sufficiently excuse tender. The fact that plaintiff's answer to Interrogatory No. 4 is not as explicit as to defendant's refusal to reconvey as the allegation in the complaint is not decisive or controlling.

With respect to the other defendants, the sons of James Mullis to whom the property was subsequently conveyed, plaintiff has made no showing of a refusal of tender or the futility thereof. These defendants apparently contend that since they hold legal title to the property a tender of the original purchase price to them is a requisite to the maintenance of the action.

■■ It is true that fraudulent inducement of a conveyance passes a voidable as distinguished from a void title

and that in such cases subsequent bona fide purchasers for value take the property free of the owner's claim. Mueller v. Mueller (Mo.), 318 S.W.2d 365; Logue v. Von Almen, 379 Ill. 208, 40 N.E.2d 73, 140 A.L.R. 251. However, a voluntary or gratuitous subsequent grantee or one who is in *pari delicto* with the perpetrator of the alleged fraud takes voidable title to the realty. Jones v. Lind, (Tex.Civ.App.), 211 S.W.2d 587; Bopp v. Knowles, 359 Mo. 871, 224 S.W.2d 65; McCary v. Robinson, 272 Ala. 123, 130 So.2d 25.

 A gratuitous intra-family conveyance does not possess the arm's length character that insulates a bona fide purchaser for value from the fraud of the original grantee. Where the subsequent donee is a member of the family of the first grantee there is a unity of parties and an implied or quasi agency relationship exists. See in this connection Spikes v. Clark (Mo.), 411 S.W.2d 148; Nixon v. Nixon, 260 N.C. 251, 132 S.E.2d 590. Even where the members of the family to whom the property is subsequently conveyed are innocent of the original fraud, they are constructively implicated. Woolwine v. Bryant (Iowa), 54 N.W.2d 759. Where property was reconveyed to the grantees' children for one dollar and other valuable consideration the Supreme Court of Arkansas chose to treat both conveyances as a single transaction and it simultaneously set both deeds aside. Hendrix v. Thomas, 235 Ark. 791, 362 S.W.2d 22. Tender to an agent is recognized as a sufficient tender to the principal; Hoyt v. Byrnes, 11 Me. 475; Todd's Ex'rs v. Parker, 1 N.J.Law 45. In the present case if tender to the sons was a necessity, the father's actions as a constructive agent sufficiently relieved plaintiff of the burden of tender to such grantees.

 The purpose of tender, where a contract is sought to be rescinded, is to restore the parties to their original status. Wynne v. Fisher, 156 Ga. 656, 119 S.E. 605; Sasser v. First Joint Stock Land Bank of Montgomery, Ala., 99 F.

2d 744; Peretzman v. Borochoff, 58 Ga. App. 838, 200 S.E. 331. Here, there was no contract between Davis and the sons of James Mullis and apparently no consideration passed between them. Tender to them by Davis is impractical as he was not a party to the transaction in which they acquired title and plaintiff had no way of knowing the consideration they gave to their father.

The motion to dismiss on the ground of an insufficient showing of non-necessity of tender and as to lack of tender by plaintiff to the subsequent grantees is overruled.