JAMES J. MORRISON, plaintiff in error, *vs.* JAMES M. BALL, defendant in error.

A. having a bond for titles to a tract of land, makes an arrangement by parol with B., to the effect that B. shall pay the balance of the purchase money and take a deed, and that the land shall be traded for a city lot, B. to take a title in his own name and to sell the city lot, and after paying himself his advance and a debt due him, to pay to A., the profits made by the trade :

*Held*, that this was a trust, and that in a suit by A. for such profits, it was not error in the court to charge that it was necessary that the parol proof should be clear and satisfactory.

Contracts.  Trusts.  Evidence.  Charge of Court.  Before Judge HOPKINS.  Fulton Superior Court.  October Term, 1874.

Morrison brought complaint against Ball on the following account :

*James M. Ball to James J. Morrision, Dr.*
1872. January.   To cash received on sale of house and lot in city
of Atlanta, known as the " Smith place," placed in the hands of
said Ball to be disposed of for the use of said Morrison . . . . $9,000 00

*Cr.*
By amount advanced for use of J. J. Morrison, to-wit : Amount paid
John Neal . . . . . . . . . . . . . . . . . . . . . . . $2,500 00
Amount paid F. N. Chisolm . . . . . . . . . . . . . . . . . 1,500 00
Amount expended on place . . . . . . . . . . . . . . . . .   500 00
                                                          _____
                                                          $4,500 00

The defendant pleaded the general issue.

The evidence for the plaintiff made, in brief, this case :

Morrison held a bond for titles to a farm near the city of Atlanta, which he was desirous of selling or exchanging for

city property.    One F. N. Chisolm owned what was known as the "Smith place," in the city, for which Morrison was willing to exchange.    Chisolm agreed to make the trade provided Morrison would pay to him a difference of $1,500 00. To this Morrison consented, but not having the funds with which to pay either the balance of the purchase money due on the farm, or the difference asked by Chisolm, he approached Ball to assist him.    He proposed that Ball should pay up these various amounts, take the title to the "Smith place" to himself, sell it, deduct about $1,100 00 which Morrison had agreed to allow him on an old transaction between them, also the sums advanced by him, and pay over the balance to Morrison; he also to have the rent of the "Smith place," some $50 00 or $60 00 per month, for the use of the money.    The great inducement offered to Ball was that by this means he could secure the above claim of $1,100 00 which Morrison had agreed to pay him if he ever was able, but which was of such a nature that it could not be collected at law.    Ball consented to advance the money, and the trade was consummated as above indicated.    Subsequently Ball sold the "Smith place" for $9,000 00; and Morrison claims a judgment for the balance after crediting him with the various amounts above mentioned.

This alleged agreement between Morrison and Ball the latter denied.    He claimed that he bought the "Smith place" absolutely.    But the facts relied upon for his defense are unnecessary to an understanding of the decision, and are therefore omitted.

The jury found for the defendant.    The plaintiff moved for a new trial upon the following grounds, to-wit:

1st.    Because the court erred in the following charge to the jury: "If you find from the evidence that Morrison bought the Smith property, and that Ball advanced the money to pay for it, taking the deed to himself, under an agreement between him and Morrison, that he, Ball, was to proceed to sell the property and reimburse himself for the money advanced, and pay himself certain moneys that Morrison had been re-

lieved from paying by a judgment of court in a case that had been pending between them before that time, and pay the balance, whatever it might be, to Morrison, this would create an implied trust in favor of Morrison, and he may set up these facts by parol evidence."

2d. Because the court erred in the following charge: "If you are convinced from the evidence that this was the transaction, (referring to the first charge given above,) then Morrison would have a right to recover the balance over and above the advances for him and the amount to be paid to Ball that had been settled by decree of court against Ball, and the amounts expended by Ball in improvements upon the property; the balance from the sale of the property, if anything, would belong to Morrison."

3d. Because the court erred in the following charge to the jury : "But to enable plaintiff to recover in this case, he must establish the facts by evidence clear, full and satisfactory."

The motion was overruled, and plaintiff excepted.

L. J. WINN ; P. L. MYNATT, for plaintiff in error.

L. E. BLECKLEY ; A. W. HAMMOND & SON, for defendant.


McCAY, Judge.

We do not care to go into an examination of this voluminous record. The jury have, by their verdict, evidently given the most credit to Mr. Ball, and have accepted his version of this affair as the true one. We have no fault to find with them for this; true, the evidence is very conflicting, but the jury is, by our law, the tribunal to pass upon such conflict, and it would be illegal, as well as unwise, for this court to undertake to review the finding. The only question before us is the charge of the judge upon one point. It is said that he erred in telling the jury, that in a case like this it was necessary that the parol proof should be clear and satisfactory. It is said that as this was a simple suit for the

price of the plaintiff's land, this charge was wrong, that the case is simply one dependent and turning, as do ordinary cases, on the weight or preponderance of testimony. The suit of the plaintiff, as set forth in his writ, which with the pleas formed the issue to be tried, does not go at all for the price of the land owned originally by plaintiff. Its claim is that the defendant took this Atlanta lot to sell, and that he agreed to account for all it would sell for over a certain amount to the plaintiff. In other words, it charges that the defendant was the mere agent of the plaintiff to sell, and this is the question tried, and must have been the question under the pleadings. The deeds contradict this. If such was the truth of the case, then there was an agreement behind the deeds inconsistent with them. In other words, the deeds, absolute on their face, were in fact coupled with a trust. To get at the plaintiff's rights, evidence strong enough to contradict the deeds must appear. We do not think the charge was wrong. To engraft a trust on an absolute deed, the evidence of it, by parol, ought to be clear and satisfactory, otherwise a writing is no better, clearer, more satisfactory, than parol testimony. The whole theory of the law is different. The deliberate reduction of a contract to writing is very fairly presumed to be done with intent to express exactly the truth of a transaction, and is always treated as such, and it ought to require clear and satisfactory proof to establish the contrary.

Judgment affirmed.