BAKER COUNTY POWER COMPANY *v.* ADKINS *et al.*

RUSSELL, C. J. 1. The alleged misrepresentations of fact that a survey of the swamp lands had been made prior to the time of the execution of the deed of January 14, 1922, not having been corrected by the defendant prior to the time of the execution of the deed of March 3, 1923, and there being no reason at the time of the execution of the second deed why the plaintiffs should have inquired into the truth or falsity of the misrepresentations made only fourteen months before the execution of the second deed as to whether a survey had or had not been made according to the representations of the defendant as alleged in the petition before the making of the first deed, and no circumstance having developed such as the breaking of the dam of the defendant (which was subsequent to the making of the second

deed) to indicate that the representations as to a survey of the lands were false, it was a matter peculiarly within the knowledge of the defendant and not within the knowledge of the plaintiffs how much land would be flooded according to the contour of Edgerly's survey, as well as what height of dam would or would not flood the lands of the plaintiffs, and whether a dam twenty-eight feet in height would flood and injure plaintiffs' lands as alleged in the petition. While the alleged misrepresentation of the defendant was made prior to the execution of the first deed, with reference to 500 acres of land or a twenty-eight foot head of water, still the allegations of the third paragraph of the amendment of September 26, 1927, allowed by the court, that "when said last-mentioned deed, a copy of which is shown by exhibit 'B' in their petition, was prepared and presented to petitioners for signatures by the agents of said company at their home while the said M. A. McRainey and N. D. McRainey were temporarily there on a vacation, said agents of said defendant company represented that whereas in the first deed it was estimated that only 500 acres of swamp lands would be flooded by a 28-foot head of water, and then only in wet seasons of the year, that since the execution of said deed of which exhibit 'A' is a copy, that one R. J. Edgerly had made another survey of said swamp lands and had found that it would take an additional 30.85 acres to take care of the back water at a 28-foot head of water at the dam, during freshets; that defendant company would pay at the rate of $8 per acre for said additional 30.85 acres, and that said agents knew this would be a sufficient amount to take care of a 28-foot head of water; so plaintiffs, not having any knowledge but what the representations made at this time and at the time of the signing of the first deed were not true, and relying upon them as the truth, executed the last-mentioned deed at the instance · and request of the defendant company to make sure and certain of the description in the first deed, and that at the time of the execution of the last-mentioned deed the only additional consideration was $246.80," is sufficient to withstand the demurrer addressed to this paragraph of the amendment referred to.

2. Misrepresentations made at the time of the execution of a deed as inducements held out to induce the execution of the same, which representations were false and fraudulent, the plaintiff not knowing they were false and fraudulent, may be shown under the allegations of the petition in this case. *Atlanta & West Point R. Co. v. Hodnett*, 36 *Ga.* 669.

3. Properly construed, the petition of the plaintiffs does not contain any admission that at the time of the execution of the second deed the plaintiffs knew that the representations alleged to have been made at the time of the execution of the first deed were untrue.

4. It is not necessary that confidential relationship be shown in every instance, in order to justify one in believing the statements of an opposite party.

5. While the terms of an absolute deed of conveyance can not be varied by limiting the grantee, the defendant in this case, to a use of lands conveyed at times and in a manner not restricted by the express terms

of the deed, it may nevertheless be alleged and proved that the deed was induced by fraud, without contradicting or varying any of the stipulations or conditions contained in the writing.

6. It appearing from an amendment to the petition that after the dam was broken and the pond had been released it was not used by the defendant for several years before the filing of the suit in this case, and the entire time in which the water was ponded by the dam not amounting to four years, the bar of the statute of limitations does not attach to the petition of the plaintiffs in so far as it may be construed as an action sounding in trespass.

7. Nor are the plaintiffs guilty of laches so as to bar the suit construed as an action to rescind the second deed because of great inadequacy of consideration and great mental disparity.

8. In the circumstances alleged, the petition was not subject to demurrer by reason of the failure to allege insolvency of the defendant.

9. The court did not err in overruling the general demurrer, and grounds of special demurrer numbered 13, 14, 15, 17, 18, and 24, after the petition had been amended in the circumstances disclosed by the record.

*Judgment affirmed. All the Justices concur, except Gilbert, J., who dissents.*

No. 6863. SEPTEMBER 30, 1929.

*Slade & Swift, Benton Odom,* and *Robert Short,* for plaintiff in error.

*M. A. Warren, Gardner, Gardner & Crow,* and *P. D. Rich,* contra.