WILLIFORD *v.* SWINT *et al.*

No. 10935.   August 7, 1935.   Rehearing denied September 16, 1935.

*J. B. Burnside* and *Casey Thigpen,* for plaintiff.

*M. C. Barwick,* for defendant.

Bell, Justice.   Myrtle Williford brought a suit in equity against E. A. Newsome and Mrs. Mae B. Swint, to cancel two deeds purporting to convey described real estate, one of the deeds having been executed by the plaintiff to Newsome and the other by Newsome to Mrs. Swint.   The petition alleged that the deed to Newsome was procured by fraud, and that Mrs. Swint in accepting the deed from Newsome had knowledge of all the facts.   The defendants demurred on several grounds, the first of which was that "there is no cause of action set out in the petition."   It appeared from the allegations that Newsome had paid for the plaintiff a debt amounting to $81, as part of the transaction between him and the plaintiff; and the original petition contained no allegation as to a previous tender of this sum to him, or as to any willingness or offer on the part of the plaintiff to do equity.   By leave of the court, however, the plaintiff amended the petition several times and in one of the amendments did offer to do equity by tendering to the defendant the sum of $81, this being the sum which he had paid for the account of the plaintiff, as stated.   In the opinion of the trial judge a tender should have been made before the bringing of the suit, and in this view the first ground of the demurrer was sustained and the petition dismissed.   During the same term of court the plaintiff moved to open the judgment sustaining the demurrer, and to be permitted to file an additional amendment, alleging, as an excuse for the failure to make the tender before the institution of the action, that the defendant Newsome had been adjudicated a lunatic, and therefore a tender to him would have been useless; and that although the court had appointed a guardian for such lunatic, "said guardian would not have been legally authorized to accept said tender and place the plaintiff in statu quo."

The facts stated in this motion as to insanity and guardianship had already been alleged in the original petition. The court overruled the motion to open the judgment, and the plaintiff excepted. Error is assigned upon the sustaining of the demurrer and upon the refusal to open the judgment.

In addition to what is stated above, the petition alleged: Plaintiff is the mother of an illegitimate child, now about 20 years of age, of which the defendant Newsome is the father. The plaintiff is the owner of the tract of land in question, and in March, 1932, borrowed $75 from J. T. Daniel, to secure the payment of which she made to Daniel a deed conveying this land. In August, 1932, Newsome, discovering that plaintiff had thus incumbered the land, came to her and "professed great interest in her and their illegitimate son, and stated that he was going to pay the indebtedness off of her said land and make petitioner a present of the indebtedness, and that he was going to fix the title to the land so that it would be impossible for petitioner to mortgage or otherwise dispose of it." He represented "to your petitioner that it would be necessary for her to convey her said land to him; that the said defendant E. A. Newsome then and there promised petitioner, that he would in turn pay off the indebtedness and donate the same to petitioner, and when this was done he would execute and deliver to their minor son a deed of gift conveying good and sufficient title to the land, and provide therein that your petitioner was to have a home thereon for life, and that when their son became twenty-one years of age he would have the full control and title to the same, subject to your petitioner's life-interest." "Your petitioner is illiterate; and being unlearned in legal matters, and acting without advice of counsel, and having implicit and full confidence in the said E. A. Newsome, and in his good faith, honesty, promises, and integrity, did execute and deliver to the said defendant E. A. Newsome the said deed conveying her land, by making her mark in the presence of witnesses." While the deed recited a valuable consideration of $81, no consideration was paid or intended to be paid for its execution. The land was worth more than $81, the plaintiff having paid $1000 for it only a few years before. The plaintiff continued to live on the land until the summer of 1934, when she discovered for the first time that the defendant Newsome had not conveyed the land to her and her son

"as he had represented that he would do, but upon the contrary had paid off the indebtedness due J. T. Daniel, and satisfied the same of record, on the same day that she executed the deed to the defendant, E. A. Newsome, and had by a pretended conveyance [executed in March, 1934] attempted to convey the said land belonging to your petitioner, to the defendant, Mrs. Mae B. Swint." Newsome had been adjudicated a lunatic, and a guardian had been appointed for him before he executed the deed to Mrs. Swint. The deed to Newsome was procured by fraud and misrepresentation on his part, whereby the plaintiff was misled and deceived, in that the promises made to the plaintiff were "falsely and fraudulently made" for the purpose of procuring the deed from her, and that she relied upon such promises in making the conveyance. In the fall of 1934 Mrs. Swint dispossessed the plaintiff under some pretended legal proceedings. The plaintiff, being illiterate, does not know the nature of such proceedings, but on information and belief alleges she was ousted under a dispossessory warrant alleging that she was a tenant holding over. The prayers were for process, cancellation, and general relief. The bill of exceptions recites that Mrs. Annie Newsome, wife of the defendant Newsome, had been appointed as guardian for him; but it appearing that she "had failed to demur, answer, or otherwise plead in said cause, for her said ward, the court by consent of all parties appointed said guardian, Mrs. Annie Newsome, also guardian ad litem for the said E. A. Newsome, and that said Mrs. Annie Newsome then and there in writing accepted said appointment."

The petition stated a cause of action, and the court erred in sustaining a general demurrer and in overruling the subsequent motion to open and vacate the judgment. The principles governing the case are sufficiently stated in the headnotes.

*Judgment reversed. All the Justices concur, except Gilbert, J., absent.*