WILLIFORD *v.* SWINT *et al.*

No. 11477. OCTOBER 15, 1936. REHEARING DENIED DECEMBER 10, 1936.

*Casey Thigpen,* for plaintiff.

*M. C. Barwick* and *M. Cook Barwick,* for defendants.

HUTCHESON, Justice. Mrs. Myrtle Williford brought a petition in equity against Mrs. Mae B. Swint and E. A. Newsome, seeking to cancel two deeds conveying certain property, one from the petitioner to Newsome, the other from Newsome to Mrs. Swint, on the ground that the deed to Newsome was procured by fraud, and that Mrs. Swint took her deed from Newsome with actual

notice of the fraud. It was alleged that petitioner was in possession of the property conveyed at the time of the execution.of and delivery of the deed from Newsome to Mrs. Swint, and therefore that Mrs. Swint was put on notice of whatever right, title, or interest petitioner had in the property and took subject thereto; and that Newsome, before the execution and delivery of the deed to Mrs. Swint, had been adjudicated insane by a court of competent jurisdiction, and the deed was therefore void. This court, on review of a ruling sustaining a general demurrer to the petition, held that the petition set forth a cause of action for inceptive fraud; and that as the petition alleged notice of the fraud on the part of Mrs. Swint, both deeds were voidable and subject to cancellation at the petitioner's instance. *Williford* v. *Swint*, 181 *Ga.* 44 (181 S. E. 227). Reference is made to the previous report for a more complete statement. No ruling was given on the insanity feature of the case. On the trial evidence was introduced in support of the allegations of the petition. A stipulation entered into between the parties was introduced in evidence, which recited that before the execution and delivery of the deed from Newsome to Mrs. Swint, Newsome had been adjudicated insane by a court of competent jurisdiction, and Mrs. Newsome was appointed his guardian, and that he had never been adjudicated sane. The evidence was in conflict on whether Mrs. Swint had actual notice of the fraud, and whether the petitioner was in possession of the property at the time of the deed from Newsome to Mrs. Swint. The jury found for the defendants. The petitioner's motion for new trial was overruled, and she excepted. In this motion error is assigned on the general grounds; on the failure of the court to charge the jury, without request, that contracts of persons previously adjudicated insane by a court of competent jurisdiction are absolutely void; on the failure of the court to charge, without request, that one who purchases realty takes with notice of whatever right, title, or interest the party in possession may have, and takes subject thereto; and on the court's giving in charge certain alleged contentions of the defendants, there being no pleading or evidence to warrant such charge.

■ The court should charge the jury on the controlling issues in the case, even though not requested to do so. *Phenix Ins. Co.* v. *Hart,* 112 *Ga.* 765 (38 S. E. 67); *Mays* v. *Shields,* 117 *Ga.* 814 (45 S. E. 68).

■ A contract by a person previously adjudicated insane by a court of competent jurisdiction is absolutely void, and not merely voidable. Code, § 20-206; *Warren* v. *Federal Land Bank*, 157 *Ga.* 464 (122 S. E. 40); *American Trust & Banking Co.* v. *Boone*, 102 *Ga.* 202, 207 (79 S. E. 182, 40 L. R. A. 250, 66 Am. St. R. 167). And in a case brought by a proper party to cancel such a deed, good faith on the part of the grantee affords no protection; he buys at his peril and must bear the loss (American Trust & Banking Co., supra); and it is not necessary that a tender be made to the grantee of the benefits received thereunder,—this for the reason that the adjudication is notice of the insanity of the grantor, and the grantee takes with notice that the deed is absolutely void. *Atlanta Banking & Savings Co.* v. *Johnson*, 179 *Ga.* 313, 319 (175 S. E. 904, 95 A. L. R. 1140). The rule may be different where there has been no adjudication, depending upon whether there was notice of the insanity, and whether the case is one in law or in equity. See *Atlanta Banking & Savings Co.* v. *Johnson*, supra.

■ Is the petitioner, under the pleadings and the evidence, entitled to have the deed from Newsome to Mrs. Swint canceled? It has been held that "The right to disaffirm a voidable contract of an insane person is personal, and can be exercised only by himself, if restored to sanity; or if his infirmity continues till his death, then by his legal representative or his heirs; but neither the other party to the contract nor third persons can avoid it." *McClure Realty &c. Co.* v. *Eubanks*, 151 *Ga.* 763 (108 S. E. 204). In *McLarty* v. *Abercrombie*, 168 *Ga.* 742, 746 (149 S. E. 30), it was held that a devisee under a will was a proper party to bring suit for disaffirmance of a voidable deed made by the testator while insane (the administrator refusing to do so), and that the ruling in *McClure Realty &c. Co.* v. *Eubanks*, supra, was not in conflict therewith. See also *Wynne* v. *Fisher*, 156 *Ga.* 656 (119 S. E. 605), where it was held that an insane person may sue by another as his next friend, for the purpose of cancelling a voidable deed made by him while insane; and *Haddock* v. *Callahan Grocery Co.*, 163 *Ga.* 204 (135 S. E. 747), where it was held that a widow who had accepted a year's support subject to an outstanding security deed executed by the deceased was not a proper party plaintiff in a suit seeking to disaffirm the deed on the ground of

insanity of the testator at the time of execution. All of these cases involved deeds executed by a grantor who was insane at the time but who had not been adjudicated insane by a court of competent jurisdiction, and the deeds were therefore only voidable. Whether under these circumstances the petitioner would be entitled to cancellation it is not necessary to decide. The evidence was sufficient to authorize a finding that Newsome procured his deed from petitioner by fraudulent means, and that petitioner had good title as against him, he having procured no title thereby; and the evidence demanded a finding that the deed from Newsome to Mrs. Swint was absolutely void. Under these circumstances, the petitioner, if the jury should find that the deed from her to Newsome was obtained by fraud, would have such an interest in the property as would entitle her to cancellation of both that deed and the deed from Newsome to Mrs. Swint.

In view of the above rulings, the pleadings, and the evidence, the judge erred in failing to give in charge the law in this connection. The charge that the "plaintiff contends that at the time of the execution of this deed by Mr. E. A. Newsome to Mrs. Swint, that he had been adjudged a lunatic and that he was incapable of making a deed," was not sufficient to cure the error.

The court, whether requested or not, should give to the jury appropriate instructions on every substantial issue of the case presented by the evidence, and a failure to do so is cause for a new trial. *Pusser* v. *Thompson,* 147 *Ga.* 60 (22 S. E. 866). In view of the above ruling, the pleadings, and the evidence, the court erred in failing to give in charge to the jury the principle of law set forth in the Code, § 85-408: "Possession of land is notice of whatever right or title the occupant has." The petitioner proceeded on the theory of fraud with actual notice, and fraud with constructive notice by reason of possession. Upon failure to prove actual notice she was entitled to prevail if the purchaser, Mrs. Swint, had constructive notice. The court only gave in charge to the jury the principle that upon proof of fraud and knowledge of the fraud on the part of the purchaser the petitioner should prevail, and that upon failure to prove knowledge of the fraud on the part of the purchaser the petitioner should not prevail. The petitioner was therefore in effect denied the right to prevail upon proof of fraud with constructive notice.

■ The other assignment of error on the charge of the court, if error, is not such as is likely to occur upon another trial of the case.

*Judgment reversed. All the Justices concur, except Atkinson, J., absent because of illness.*