WILLIFORD *v.* SWINT *et al.*

No. 12786. September 14, 1939. Rehearing denied October 13, 1939.

*Casey Thigpen,* for plaintiff.

*M. C. Barwick* and *Randall Evans Jr.,* for defendants.

Reid, Chief Justice. The plaintiff, Mrs. Myrtle Williford, was the owner of a tract of land in Glascock County, subject to an outstanding deed to secure a debt of $75. She deeded the land to E. A. Newsome, the father of her eighteen-year illegitimate son. Newsome paid off the outstanding indebtedness. In March, 1934, Newsome conveyed the land to the defendant, Mrs. May B. Swint, who later had Mrs. Williford evicted from possession of the land. Thereupon the plaintiff brought this suit to have her deed to Newsome and Newsome's deed to Mrs. Swint canceled, claiming that the conveyance from her was procured by fraud, charging notice of the fraud to Mrs. Swint. By amendment she charged that Newsome, at the time he executed the conveyance to Mrs. Swint, had been adjudged to be a lunatic. The case has been tried four times, each trial resulting in a verdict for the defendants. It has twice been before this court. *Williford* v. *Swint,* 181 *Ga.* 44 (181 S. E. 227) ; *Williford* v. *Swint,* 183 *Ga.* 375 (188 S. E. 685). After the last of the trials, the plaintiff's motion for a new trial was overruled, and we now have for review the question as to the correctness of this ruling. Error is assigned: (1) that the court erroneously failed to give in charge to the jury the principle of law that possession of land is notice of the rights of the person in possession ; (2) that the court failed to give in charge to the jury the law with reference to contracts executed by a lunatic; (3) that the plaintiff's case was prejudiced by reference in the charge of the court to the fact that there was no evidence as to mesne profits, whereas the plaintiff in the petition as amended did not claim mesne profits; (4) that the judge erred in giving to the jury a statement of a contention of defendants which it is contended was not made by them; to wit, that Newsome contended that he had made no fraudulent statement to the plaintiff, but that he had carried out any agreement made by him at the time of the execution of the deed.

832

■ When this case was last before this court (183 *Ga.* 375) it was held that under the evidence the deed from Newsome to Mrs. Swint was absolutely void; but that since the issue of its validity on the former trial had been submitted to the jury, the court erred in failing to charge that the deed of a lunatic is void, and that the plaintiff had sufficient standing to sue for cancellation, and that in any event plaintiff's possession would put a purchaser on notice of whatever right or title she had. The evidence being substantially the same on the present trial, and it having become the law of the case that the deed from Newsome to Mrs. Swint was void, the court on the last trial properly submitted to the jury only the issue as to the validity of the deed from Mrs. Williford to Newsome, eliminating altogether from their consideration any issue as to the good faith of Mrs. Swint in making purchase from Newsome and as to her notice of Mrs. Williford's interest in the property by reason of her possession. These issues being eliminated under the previous holding, it follows that there was no error in failing to charge the jury as to the effect of a contract made by a lunatic. It also follows, since the deed from Newsome to Mrs. Swint was void as a matter of law, and since the issue was limited as to the validity of the deed from Mrs. Williford to Newsome, that it would have been improper to instruct the jury on the question of notice as between Mrs. Swint and Mrs. Williford. The court properly instructed the jury that if the Newsome deed was void, the deed from him to Mrs. Swint would also be canceled; and that if Newsome's deed was valid, the rights of Mrs. Swint under her deed from Newsome were of no concern to the plaintiff.

■ The plaintiff further objects to the charge of the court wherein it was stated that the defendant Newsome "contends not only that he made no fraudulent statement to the plaintiff; on the other hand contends that he carried out any statement made by him at the time of the execution of the deed." The objection is that such a contention was not set up in the pleadings, and therefore was not such an issue as to invoke a charge upon it. The plaintiff alleged that she was induced by fraud to deed the land to Newsome, supporting this by an allegation that she executed the deed in consideration of his promise to pay off the indebtedness and deed the property to her son, subject to a life-estate in herself. The defendant denied all the material allegations of the peti-

tion. Construing the petition as a whole, as was done by this court when it held that it stated a cause of action (181 *Ga.* 44), the answer of the defendant put in issue not only whether the defendant made any promise to the plaintiff, but whether at the time he made it he had any intention of carrying it out. *Brinson* v. *Hester,* 185 *Ga.* 761 (196 S. E. 412). Under this denial the defendant showed by the testimony of his son that on two occasions he had offered to deed the land to his son, and after the second refusal sold the land, attempting to discharge the obligation by making cash payments to the son. Therefore we think the plaintiff's contention that this was not an issue in the case is without merit, since the claimed attempt of the defendant to carry out his agreement was properly presented in an effort to disprove fraudulent intent on his part at the inception of the transaction.

The court's charge that the plaintiff had failed to introduce evidence to support her prayer for an award of mesne profits, and that the jury would not consider that question, can not be said to constitute harmful error, although the claim for mesne profits had been stricken by amendment. If error, we think it was harmless and insufficient to justify the grant of a new trial.

There was evidence to support the verdict.

*Judgment affirmed. All the Justices concur.*