PANTONE *v.* PANTONE *et al.*

No. 15978.   October 15, 1947.

734

*Fort & Fort,* for plaintiff in error.  *Dykes & Dykes,* contra.

ATKINSON, Justice. (After stating the foregoing facts.) ■ Where a petition seeks to establish an express trust, upon demurrer it will be presumed that the proof will be established in writing unless the contrary appears. *Eaton* v. *Barnes,* 121 *Ga.* 548 (3) (49 S. E. 593). We find nothing in the petition to authorize an interpretation that any agreement alleged could be established in writing; but from the petition it is clear that the conditions under which Earnest Pantone was alleged to be holding the property described in the deed were made only by parol declarations.

■ The allegations of the original petition, to the effect that the grantee in the deed agreed to hold the same as a home for the other children so they could use it as a home just as they did during their mother's life, standing alone, would be an attempt to assert an express trust by parol and engraft it on a deed; and this cannot be done. An express trust cannot be engrafted on a deed by parol. *Jones* v. *Jones,* 196 *Ga.* 492 (26 S. E. 2d, 602), and citations. But the allegations of the amendment are sufficient to allege inceptive fraud, as distinguished from the failure to perform some act in the future according to an agreement. *Williford* v. *Swint,* 181 *Ga.* 44 (181 S. E. 227). It is here alleged that

the promise of the grantee was the consideration inducing the execution of the deed, and that it was made with the present intention on the part of the grantee not to comply with it, which together with the other allegations would set forth a cause of action for cancellation. *Brinson* v. *Hester,* 185 *Ga.* 761 (196 S. E. 412); *Schneider* v. *Smith,* 189 *Ga.* 704 (7 S. E. 2d, 76).

The cases relied upon by the plaintiff in error are distinguishable as instances where there has been an effort to engraft an express trust upon a deed by parol, where no question of fraud in the procurement was made, or else where the allegations were not sufficient to show fraud.

Applying the above principles, the judge did not err in overruling the general demurrer interposed by the defendant.

*Judgment affirmed. All the Justices concur, except Wyatt, J., who took no part in the consideration or decision of this case.*