18811.  BUCHER *et al. v.* CHRISTOPHER *et al.*

SUBMITTED JANUARY 10, 1955—DECIDED FEBRUARY 14, 1955.

*L. A. Hargreaves, Franklin, Eberhardt & Barham,* for plaintiffs in error.

*Vickers Neugent, E. R. Smith, Jr.,* contra.

ALMAND, Justice.   The exception under review is to an order of the trial court overruling general and special demurrers to an equitable petition brought by Mrs. Fannie Christopher and J. G. Murray against Minnie Bucher and Irene Spikes, seeking the cancellation of a deed.

The material allegations of the petition are: On July 8, 1938, the plaintiff Mrs. Christopher conveyed by deed 3 tracts of land to the plaintiff J. G. Murray, reserving unto the grantor the use of the rents from the land during the balance of her life.   On February 19, 1951, the plaintiff Murray by quitclaim deed conveyed this land to the defendants.   The sole consideration for

the last conveyance was the joint promise of the defendants to support, maintain, and provide for the plaintiff Mrs. Christopher for the remainder of her life. Mrs. Christopher, in consideration of $5 and natural love and affection, conveyed by deed the same land on February 6, 1951, to the defendants, reserving to herself the use of the rents of the land during the balance of her life. The defendants have failed to support and maintain Mrs. Christopher as they agreed, and had no intention at the time of the execution of the deed from Murray to them of complying with this agreement in any manner whatever; it being alleged in paragraph 11 of the petition "that defendants' promise to support, maintain, provide and care for the said Mrs. Fannie Christopher at the time the deed was made from Gordon Murray to the defendants was made fraudulently and for the purpose of securing the signature of petitioner, J. G. Murray, on the conveyance alleged in paragraph three of this petition and that these defendants never intended to comply with their agreement to support, maintain, provide and care for petitioner, Mrs. Fannie Christopher, during the remainder of her life." The defendants have parted with nothing of value and have not rendered any service to Mrs. Christopher or provided any support for her, as agreed at the time of the conveyance by Murray to them.

The prayers of the petition were that the defendants be required to surrender the conveyance of Murray to them, and that it be decreed that the defendants have no right, title, claim, or demand in said tracts of land, and that the conveyance to them be canceled.

■ We first consider whether the petition, as against the general demurrers, stated a cause of action in favor of Murray for cancellation of the quitclaim deed from him to the defendants. It is insisted that, there being no allegation that the defendants were insolvent, the ruling in *Brand* v. *Power*, 110 *Ga.* 522 (1) (36 S. E. 53), that an absolute deed of conveyance will not, at the instance of the grantor, be canceled merely because of a breach by the grantee of a promise made by the grantee in consideration of which the deed was executed, controls; and all that the petition in this case seeks to do is to cancel the deed from Murray to the defendants because of their failure and refusal to comply with their alleged agreement to support and care for Mrs. Christopher.

We do not so construe the allegations of the petition. It is distinctly alleged that the sole consideration for the execution of the deed from Murray to the defendants was the promise of the defendants to support, maintain, provide, and care for Mrs. Christopher, and that this promise was made by the defendants fraudulently and for the purpose of securing the signature of the grantor, Murray, to the conveyance, and that the defendants never intended to comply with their agreement. These allegations, as against the general demurrers, are sufficient to state a cause of action on the ground of inceptive fraud, under the ruling made in *Smith* v. *Merck*, 206 *Ga.* 361 (57 S. E. 2d 326), where we set out the circumstances under which equity will cancel a deed by reason of fraud which induced the making of the deed. It was there said: "Fraud will authorize equity to cancel and annul a deed, no matter how solemnly executed. Code § 37-709. While the terms of an absolute deed cannot be varied by limiting the grantee to a use of the land in a manner not restricted by the express terms of the deed, it may nevertheless be alleged and proved that it was induced by fraud, without denying or varying any of the stipulations or conditions contained in the deed. *Baker County Power Co.* v. *Adkins*, 169 *Ga.* 187 (1) (149 S. E. 910). . . Equity will afford relief, not because of the mere breach of a verbal promise, but because of the fraud of the grantee in procuring an absolute deed to be made to him upon his false and fraudulent representation and promise that he will use the title for the grantor's benefit. . . Where the allegations of a petition show that the promise of the grantee was the consideration inducing execution of a deed, and that it was made with the present intention on the part of the grantee not to comply with it, such petition sets forth a cause of action for cancellation. *Johnson* v. *Johnson*, 152 *Ga.* 300 (110 S. E. 211); *Williford* v. *Swint*, 181 *Ga.* 44 (181 S. E. 227); *Pantone* v. *Pantone*, 202 *Ga.* 733 (2) (44 S. E. 2d 548)." Pp. 369-370.

Under these authorities, it was not error to overrule the general demurrers in so far as they applied to the plaintiff Murray.

Special grounds 2 and 3 of the demurrer assert that there was a misjoinder of parties plaintiff. Special grounds 9, 10, 11, 12, 16, and 17 apply solely to the allegations that relate to the

plaintiff Mrs. Christopher. We are of the opinion that the court erred in overruling these special grounds. The only relief sought in the petition is the cancellation of the quitclaim deed from the plaintiff Murray to the defendants. It is conceded by counsel for both parties that, Mrs. Christopher having conveyed all her interest in the three tracts of land to the plaintiff Murray before she executed the deed to the defendants, the latter acquired nothing under her deed. Mrs. Christopher stands to gain nothing in the event of the cancellation of the quitclaim deed from Murray to the defendants, nor would she lose anything if the deed is not canceled. This is not a case where the plaintiff Murray is seeking to enforce a contract against the defendants made for the benefit of Mrs. Christopher, but the sole relief sought is cancellation of the quitclaim deed from Murray to the defendants, to which deed Mrs. Christopher is not a party. The court should have sustained the defendants' special grounds of demurrer and stricken the paragraphs of the petition which pertain solely to the plaintiff Mrs. Christopher.

■ In view of our ruling in division 1 of this opinion, special demurrers 4, 5, 6, 8, 13, 14, and 15, which assert in substance that Murray is seeking to engraft a parol agreement on the deed made by him to the defendants and join two inconsistent remedies, were properly overruled. See, in this connection, *Atlanta & West Point R. Co.* v. *Hodnett*, 36 *Ga.* 669; *Baker County Power Co.* v. *Adkins*, 169 *Ga.* 187 (5) (149 S. E. 910).

The plaintiffs in error having obtained a substantial modification of the judgment of the trial court, it is ordered that the defendants in error pay the costs in the trial court incident to bringing the case to this court, and pay the costs in this court.

*Judgment affirmed in part and reversed in part) with direction. All the Justices concur.*