18934.   DIXON *v.* DIXON.

Argued April 11, 1955—Decided May 9, 1955.

*Memory, Barnes & Memory,* for plaintiff in error.

*Lee S. Purdom, Harvey D. Griffin,* contra.

MOBLEY, Justice. ■ The court did not err in overruling the general and special demurrers of the defendant.

The allegations in the petition as amended, to the effect that defendant would take the property, operate the farm, pay it out of debt, and then reconvey it to petitioner and her children, would be an attempt to assert an express trust by parol, and engraft it on a deed, which cannot be done. *Jones* v. *Jones,* 196 *Ga.* 492 (1a) (26 S. E. 2d 602); *Pantone* v. *Pantone,* 202 *Ga.* 733 (2) (44 S. E. 2d 548). But the allegations of the petition as amended are sufficient to allege inceptive fraud, as distinguished from the failure to perform some act in the future according to an agreement. *Williford* v. *Swint,* 181 *Ga.* 44 (1) (181 S. E. 227). The petition as amended here alleged that the promise of defendant was the consideration inducing petitioner to make the deed, and that when it was made defendant had no intention of complying with it, which, together with the other allegations, set forth a cause of action. *Brinson* v. *Hester,* 185 *Ga.* 761 (196 S. E. 412); *Schneider* v. *Smith,* 189 *Ga.* 704 (7 S. E. 2d 76); *Pantone* v. *Pantone,* 202 *Ga.* 733 (supra).

The cases relied upon by plaintiff in error are distinguishable as instances where there had been an effort to engraft an express trust upon a deed by parol, where no question of fraud in

the procurement was made, or else where the allegations were not sufficient to show fraud.

As stated by plaintiff in error, the demurrer raised the same question as the 7th ground of the amended motion for new trial, and the ruling on the demurrer disposed of the 7th ground of the amended motion.

■ The general grounds and the 3rd, 5th, and 6th grounds of the amended motion will be dealt with together, the latter being an elaboration of the general grounds. A promise to take title to the property, farm it, pay off the debt existing thereon, and then to reconvey it to the petitioner, made as an inducement or consideration for the execution of a deed by petitioner, does not constitute fraud, so as to authorize cancellation of the deed, or a decree of specific performance of the agreement to convey, unless the promise was made with the present intention not to comply with it. A mere failure to comply with the promise would be insufficient to establish such fraudulent intent. *Brinson* v. *Hester,* 185 *Ga.* 761 (1) (196 S. E. 412), supra, and cases cited; *Pantone* v. *Pantone,* 203 *Ga.* 347 (46 S. E. 2d 498).

Petitioner contends that defendant represented to her that it was necessary for her to make over the place to him in order for him to sell the tobacco made on the place under the government allotment plan; that these statements were false, known by him at the time to be false, and were made to induce her to deed the place to him, and that, relying upon said false and fraudulent statements, she did deed it to him.

There was no evidence that defendant knew the statement to be false at the time he made it, or that the promise of the defendant to reconvey title to petitioner was made with the intention to defraud as above defined.

Code § 37-703 provides: "Misrepresentation of a material fact, made wilfully to deceive, or recklessly without knowledge, and acted on by the opposite party, or if made by mistake and innocently, and acted on by the opposite party, constitutes legal fraud." The question next arises, was there a misrepresentation of a material fact made recklessly without knowledge, or made by mistake and innocently by the defendant and in each instance acted upon by the petitioner?

The only evidence as to whether the alleged statement was

false and a misrepresentation of fact is the following testimony of defendant on cross-examination: "I sold the tobacco. I sold that under this allotment plan of the government allotting me so much tobacco and giving me the authority to sell it. That's the only way I know you can sell it. You have to have that card before you can sell it. The card is issued in the name of the owner of the land. I believe that card was issued in the name of Frank A. Dixon when I got the place and I had it changed to me. It is now in the name of Frank A. Dixon. I could have sold the tobacco under the name of Frank A. Dixon. I could have rented the place from him and have sold it."

While we entertain grave doubt as to whether this constitutes any evidence of misrepresentation or false statement of a material fact on the part of defendant, it is not necessary to say here, because the government allotment plan is fixed by statute of the Congress of the United States and rules and regulations promulgated under authority thereof.

"The general rule is well settled that fraud cannot be predicated upon misrepresentations of law or misrepresentations as to matters of law." 23 Am. Jur. 809, § 45; 37 C. J. S. 323, § 55; *Swofford* v. *Glaze*, 207 *Ga.* 532, 535 (63 S. E. 2d 342). The basis for this generally is that everyone is presumed to know the law, and therefore cannot in legal contemplation be deceived by erroneous statements of law. It has been held that this principle of law is especially true where there is no confidential relationship between the parties. *Hart* v. *Waldo*, 117 *Ga.* 590 (43 S. E. 998); *Manget Realty Co.* v. *Carolina Realty Co.*, 169 *Ga.* 495, 504 (150 S. E. 828); *Claxton Bank* v. *Smith*, 34 *Ga. App.* 265 (129 S. E. 142); *Beckman* v. *Atlantic Refining Co.*, 53 *Ga. App.* 671 (2) (187 S. E. 158).

It is claimed that a confidential relationship existed here, because of brother and sister-in-law relationship, and because of past dealings and trust and confidence reposed in defendant by petitioner and her husband, defendant's brother; but a confidential relationship recognized under the law of this State (Code § 37-707) is not shown here. See *Crawford* v. *Crawford*, 134 *Ga.* 114, 119 (67 S. E. 673, 28 L. R. A. (NS) 353, 19 Ann. Cas. 932); *Dover* v. *Burns*, 186 *Ga.* 19, 26 (196 S. E. 785); *Johnson* v. *Sherrer*, 197 *Ga.* 392, 395 (29 S. E. 2d 581).

The evidence further failed to show that the alleged oral agreement that defendant was to take the land, farm it, and pay it out of debt, had been performed. The burden was upon petitioner to prove by a preponderance of the evidence that this had been done. The best that could be said for the evidence of petitioner is that the farming operations of defendant during the three years he had the place had grossed more than the debt owed by petitioner to L. H. Oden, but petitioner made no effort to show that the net income was sufficient to pay it out of debt. The court recognizes that it costs money to raise tobacco and other farm products, and whether defendant took in more than he paid out in the operation of the farm is in no way established by the evidence. Furthermore, the evidence shows that defendant made repairs upon the dwelling and the tobacco barns, and he would be entitled to credit for these expenditures in determining the net income from the farm, as he would if he paid taxes on the place or insurance on the houses.

In the absence of proof that the farm had earned enough to pay it out of debt, petitioner would be required to show a tender by her to defendant of the amount due, and there is no allegation or proof of tender. In fact, petitioner prayed that, if defendant had not earned enough out of the farm to pay off the indebtedness, he be required to reconvey it to her and take a lien upon the property. The evidence is undisputed that defendant paid off petitioner's debt to Oden with money borrowed by him, that he gave a deed to secure debt to secure his loan, and that there is a balance of $400 still due on his loan.

■ Ground 1 of the amended motion complains of the charge, "Express trusts are those created and manifested by agreement of the parties," on the ground that petitioner was relying upon an implied trust and not an express trust, and that it was misleading and confusing to the jury, especially since the trial judge did not charge that an express trust must be in writing.

The charge complained of was a correct statement of the law, and considered in connection with the charge as a whole could not have been misleading or confusing to the jury. The court's charge in that connection was as follows: "I charge you, gentlemen, that estates may be created, not for the benefit of the grantee, but for the use of some other person. They are termed

trust estates. No formal words are necessary to create a trust estate. When a manifest intention that another person shall have the benefit of the property is exhibited, the grantee shall be declared a trustee. Trusts are either express or implied. Express trusts are those created and manifested by agreement of the parties. Implied trusts are such as are inferred by law from the nature of the transaction, or the conduct of the parties. Trusts are implied whenever the legal title is in one person, but the beneficial interest, either from the payment of the purchase money or other circumstances, is either wholly or partially in another."

■ Ground 2 of the amended motion, complaining of the charge to the effect that, while the terms of a written instrument could not be varied by parol evidence, if petitioner established by a preponderance of evidence the allegations as to fraud of defendant, which was alleged to have induced petitioner to make defendant a deed to the property, and that petitioner relied upon said fraudulent representations and was induced thereby and by her trust and confidence in defendant to sign a deed, she would be entitled to a verdict, and ground 4 complaining that the court should have instructed the jury that, to entitle petitioner to a reconveyance of the property, the proof submitted to establish same must be so strong, clear and satisfactory as to leave no reasonable doubt on the minds of the jury, are controlled by the same principle of law and will be considered together.

Petitioner here claims under an alleged oral agreement had with defendant that he would reconvey title to her as soon as the place paid itself out of debt and petitioner prayed for specific performance of this oral agreement, and the decree of the court ordered defendant to deed the property to petitioner.

It is well established by numerous decisions that, when a parol agreement whereby one is to receive title to land is sought to be enforced, the proof of such contract should be so clear, strong, and satisfactory, as to leave no reasonable doubt as to the agreement. *Printup* v. *Mitchell,* 17 *Ga.* 558 (16) (63 Am. D. 258); *Barnett* v. *Henry,* 200 *Ga.* 365 (37 S. E. 2d 340); *Fambrough* v. *Fambrough,* 210 *Ga.* 87 (1) (78 S. E. 2d 14).

This court in *Suber* v. *Black,* 168 *Ga.* 439 (3) (148 S. E. 81), held that it was error to charge that petitioner had to establish

by a preponderance of the evidence the oral contract to convey land, and that the judge should have charged that such contract and the terms thereof must be established so clearly, strongly, and satisfactorily as to leave no reasonable doubt as to the agreement, citing a number of cases in support thereof. That rule has been invariably followed by this court.

In 54 Am. Jur. 480, § 621, the author says: "Many statements are to be found to the effect that parol evidence to prove a trust must be of such a nature as to banish every reasonable doubt, or leave no room for doubt, regarding the essential facts relied upon to establish the trust."

This court in *Morrison* v. *Ball*, 54 *Ga.* 212, had this to say: "A. having a bond for titles to a tract of land, makes an arrangement by parol with B., to the effect that B. shall pay the balance of the purchase money and take a deed, and that the land shall be traded for a city lot, B. to take a title in his own name and to sell the city lot, and after paying himself his advance and a debt due him, to pay to A., the profits made by the trade.: Held, that this was a trust, and that in a suit by A. for such profits, it was not error in the court to charge that it was necessary that the parol proof should be clear and satisfactory." In *Price* v. *Price,* 205 *Ga.* 623 (1) (54 S. E. 2d 578), it was held: "Where a husband pays the purchase-money of land from his own funds and has the land conveyed to his wife, the presumption which the law raises is that the husband intended to make a gift to his wife; but the presumption is a rebuttable one, and a resulting trust in favor of the husband may be shown. Parol evidence of the nature of the transaction, or the circumstances, or the conduct of the parties, is admissible to rebut the presumption of a gift; but in order to rebut the presumption of a gift the proof must be clear and convincing."

In view of the foregoing, it was error for the trial court to charge the preponderance-of-evidence rule as applies to ordinary cases, without instructing the jury that, in cases like the one under consideration, to entitle the petitioner to a reconveyance of the property the proof submitted to establish the oral contract must be shown so clearly, strongly, and satisfactorily as to leave no reasonable doubt as to the agreement.

Under the preceding rulings, the trial court erred in denying the defendant's motion for a new trial.

*Judgment affirmed on the ruling on demurrer. Judgment reversed in refusing a new trial. All the Justices concur, except Wyatt, P. J., absent on account of illness.*