19097.   BENNETT *v.* BENNETT.

ARGUED SEPTEMBER 14, 1955—DECIDED JANUARY 9, 1956.

*Wilson & Wilson, Leon A. Wilson, II,* for plaintiff in error.

*Ben A. Hodges, Gibson & Maddox, Geo. E. Maddox,* contra.

MOBLEY, Justice. The plaintiff rests his case solely upon the proposition that the facts alleged in his amended petition make a case for the application of the principle of implied trusts, and the defendant relies upon the proposition that the facts alleged constitute an express trust, which, not being in writing, was invalid and unenforceable.

"Trusts are implied . . . where, from any fraud, one person obtains the title to property which rightly belongs to another." Code § 108-106 (2). In *Jenkins* v. *Lane,* 154 *Ga.* 454 (115 S. E. 126), it is stated: "A trust is implied where, from any fraud, one person obtains title to property which rightfully belongs to another. An implied trust arises wherever a person acquires the legal title to land or other property by means of an intentionally false and fraudulent verbal promise to hold the same for a certain specified purpose; and after having thus fraudulently obtained title, he retains, uses, and claims the property absolutely as his own, so that the whole transaction by means of which the ownership is obtained is in fact a scheme of actual deceit." Such an implied trust is sometimes termed a constructive trust or a trust ex maleficio. The essential ingredient which gives rise to a constructive trust is fraud. And where, as here, the question involves a deed to land, and the legal title to the land is sought to be recovered by the enforcement of an oral agreement to reconvey it, fraud must have existed contemporaneously with the acquisition of the land by the one who is sought to be charged as trustee ex maleficio. *Brown* v. *Doane,* 86 *Ga.* 32, 38 (12 S. E. 179, 11 L. R. A. 381). "Equity will declare a constructive trust in respect of property acquired by fraudulent oral promises of a vendee, which he intends at the time of making to violate." *Mays* v. *Perry,* 196 *Ga.* 729, 734 (27 S. E. 2d 698).

It is alleged that the defendant obtained title to the property here involved on the strength of her promise to reconvey it to the plaintiff if and when he called on her to do so. The plaintiff alleges that, at the time she acquired the property for the purpose orally agreed upon, the defendant intended to claim the property thereafter as her own. The defendant by her general demurrer admits the allegations of the petition.

The allegations in the original petition—to the effect that the plaintiff had an oral agreement with his mother that he would convey to her the property in question in order to provide her something to live on in case the threats were carried out and he was killed, and that it was further "agreed that she would reconvey said property to plaintiff at any time that he might desire, without the payment of any purchase price"—standing alone, would be an attempt to assert an express trust by parol, and engraft it on a deed, which cannot be done. *Jones* v. *Jones,* 196 *Ga.* 492 (1) (26 S. E. 2d 602); *Pantone* v. *Pantone,* 202 *Ga.* 733 (2) (44 S. E. 2d 548). But the allegations of the petition as amended are sufficient to allege inceptive fraud, as distinguished from the failure to perform some act in the future according to an agreement. *Williford* v. *Swint,* 181 *Ga.* 44 (1) (181 S. E. 227); *Pantone* v. *Pantone,* supra; *Dixon* v. *Dixon,* 211 *Ga.* 557 (1) (87 S. E. 2d 369); *Bucher* v. *Christopher,* 211 *Ga.* 317 (85 S. E. 2d 760). Accordingly, the trial court erred in sustaining the defendant's general demurrer and in dismissing the action.

*Judgment reversed. All the Justices concur, except Wyatt, P. J., and Head, J., who dissent.*