19903.  WILSON *et al. v.* VAUGHAN *et al.*

HAWKINS, Justice.  The petition as amended alleged substantially that at the time of the death of the plaintiffs' father he was the owner of a described tract of land, and left surviving him the plaintiffs and the defendants, consisting of his widow and five children, as his only heirs at law; that shortly after the death of the husband and father, the surviving wife and daughter named as defendants entered into a fraudulent and conniving scheme to persuade the children to put title to the land in the mother to manage and control the same for her support for and during her natural life, with the promise on her part to hold the same in trust for the benefit of all of her children who would share equally in the property at her death as her heirs at law; that such promise was the sole consideration for the execution of the warranty deed by the children to the mother conveying said property to her, and was fraudulently made to induce the execution of the deed when the defendants had conspired together to thus put title to the property in the mother in order that she might convey it to the defendant sister of the plaintiffs and deprive the plaintiffs of their interest therein, which fraudulent intent not to carry out the promise existed at the time the promise was made; that a resulting trust thereby arose in favor of the plaintiffs as to their interest in the land, and that the deed executed by the mother to the other defendant should be canceled as null and void, and that the defendants should be enjoined from encumbering or conveying the property.  To this petition the defendants demurred upon various grounds.  The trial court sustained the general demurrers and dismissed the petition.  To this judgment the plaintiffs except.  *Held:*

While an express trust cannot be engrafted upon a warranty deed by parol (*Jones* v. *Jones,* 196 *Ga.* 492, 26 S. E. 2d 602; *Pantone* v. *Pantone,* 202 *Ga.* 733 (2), 44 S. E. 2d 548), where, as here, the petition as amended alleges that the sole consideration inducing the plaintiffs as heirs at law of their father to convey their interest in described property owned by the father at the time of his death to their mother to manage and control the same for her support during her life was the promise of the mother to hold the property in trust for the benefit of the plaintiffs and her other children at her death, and that, when the promise was made, the defendant mother had no

intention of complying with it, but intended to and did convey it to one of the children who conspired with the mother in perpetrating such fraudulent scheme, thereby depriving the plaintiffs of their interest in the property, such allegations are sufficient to allege inceptive fraud as distinguished from a failure to carry out an oral promise, and it was error to sustain a general demurrer and dismiss the petition. *Pittman* v. *Pittman,* 196 *Ga.* 397 (26 S. E. 2d 764); *Harper* v. *Harper,* 199 *Ga.* 26 (33 S. E. 2d 154); *Johnson* v. *Upchurch,* 200 *Ga.* 762 (38 S. E. 2d 617); *Pantone* v. *Pantone,* 202 *Ga.* 733, supra; *Hancock* v. *Hancock,* 205 *Ga.* 684 (54 S. E. 2d 385); *Dixon* v. *Dixon,* 211 *Ga.* 557 (87 S. E. 2d 369); *Hodges* v. *Hodges,* 213 *Ga.* 689 (100 S. E. 2d 888).

*Judgment reversed. All the Justices concur.*

ARGUED NOVEMBER 12, 1957—DECIDED JANUARY 10, 1958—REHEARING DENIED FEBRUARY 7, 1958.

*Stephen Pace, Jr.,* for plaintiffs in error.
*Davis & Friedin,* contra.