28409. DYE v. DYE.

Submitted November 13, 1973 — Decided December 3, 1973 — Rehearing denied December 17, 1973.

*Smith & Harrington, Will Ed Smith,* for appellant.
*Rembert C. Cravey,* for appellee.

Mobley, Chief Justice. Betty B. Dye brought an action for divorce, alimony, and custody of minor children against Cleveland Mitchell Dye, alleging cruel treatment. The husband filed an answer, which was later amended by the addition of a counterclaim which sought a divorce, on the ground of cruel treatment, and the cancellation of a deed. The allegations of the husband concerning the deed were as follows: "Defendant shows plaintiff obtained a

warranty deed from defendant on December 6, 1971, by false and fraudulent promises without any intention to fulfill same, as follows: That during a period when plaintiff separated herself from defendant without any cause or reason and upon the pleas of defendant to return and be a wife and mother, plaintiff demanded said warranty deed as a condition of her return. In an attempt to satisfy the demands of plaintiff and maintain the home, defendant delivered said warranty deed. Upon receipt of the warranty deed, plaintiff returned to the home but performed none of her marital duties to defendant. After living in an actual state of separation in the home of defendant, plaintiff again removed from the home without any cause or provocation."

The jury returned a verdict in favor of the wife for divorce; $10 per week for the support of each of the two minor daughters of the parties; no alimony for the wife; and cancellation of the deed given by the husband to the wife. The wife appeals from the judgment entered on this verdict, and from the denial of her motion for new trial and motion for judgment notwithstanding the verdict.

At the close of the evidence the wife made a motion for directed verdict in her favor on the issue of the cancellation of the deed. The motion for judgment notwithstanding the verdict contended that there was no evidence to support a finding of inceptive fraud in obtaining the deed, and that judgment should be entered for her on this issue.

In *Cowart v. Gay,* 223 Ga. 635 (1) (157 SE2d 466), it was held as follows: "Fraud will authorize a court of equity to set aside a written instrument. Code § 37-709. However, the mere failure to comply with a promise to perform an act in the future is not fraud in a legal sense. *Pantone v. Pantone,* 203 Ga. 347 (46 SE2d 498); *Jackson v. Brown,* 209 Ga. 78 (2) (70 SE2d 756); *Beach v. Fleming,* 214 Ga. 303, 306 (104 SE2d 427). But when the failure to perform the promised act is coupled with the present intention not to perform, fraud, in the legal sense, is present. This is known as inceptive fraud, and is sufficient to support an action for cancellation of a written instrument. *Bucher v. Christopher,* 211 Ga. 317, 319 (85 SE2d 760); *Sutton v. McMillan,* 213 Ga. 90, 95 (97 SE2d 139). The rule is stated in *Smith v. Merck,* 206 Ga. 361, 370 (57 SE2d 326) where it is said: 'Where the allegations of a petition show the promise of the grantee was the consideration inducing execution of a deed, and that it was made with the present intention on the part of the grantee not to comply with it, such petition sets forth a cause of action for cancellation.' *Hinson v.*

*Hinson,* 221 Ga. 291, 292 (1) (144 SE2d 381); *Nixon v. Brown,* 223 Ga. 579 (2) (157 SE2d 20)."

The deed which the husband gave to the wife conveyed to her a one-half interest in the property on which the parties had lived, with the whole interest in the property to vest in the survivor of the two. It recited as its consideration "love and affection." Prior to the execution of the deed the wife had separated from the husband and had filed suit for divorce against him. One of the terms of the reconciliation of the parties was the execution of the deed by the husband. The wife lived with the husband for more than six months after the reconciliation and delivery of the deed, and again separated herself from him, and brought the present action for divorce.

The husband testified in regard to the conversation with his wife as follows: "My wife called me one night on the telephone and wanted me to come down there where she was living, . . . and so I went down there, and she told me that she would come back and help me raise my children, which the younger daughter had stayed with me. . . She told me that she would come back and help me raise the children—the family and be a wife to me if I would give her a survivor's deed to the place, and I thought it over, and I worried over it, and I knew how cold and all she had been toward me, and I asked her about the sex part about it, and she told me that she would limit it to monthly, and I said, 'Well, all right.' . . . So I give her this deed, which was my father's land. . . I give her a deed for her to come back and help me raise my children." The husband had the deed prepared by a lawyer employed by him, and he executed the deed in his lawyer's office. He brought the deed to the office of the attorney for the wife, and gave it to this attorney, who read it to her. The husband testified that the wife told her attorney in his presence that, "she was coming back but that she didn't know how long she was going to stay." This was before the attorney gave the deed to the wife, and the husband did not demand its return. The husband testified that the wife did not fulfill her promise of having sexual intercourse with him.

The question for determination by the jury was whether the wife obtained the deed from the husband with a fraudulent intent not to abide by the terms of their agreement.

Evidence showing a failure of the wife to comply with one promise that she made to the husband in regard to their married life is insufficient to establish an inceptive fraudulent intent. *Pantone v. Pantone,* 203 Ga. 347, supra; *Dixon v. Dixon,* 211 Ga.

557 (2) (87 SE2d 369). The wife made no promise to remain with the husband for the balance of their lives, as was alleged in *Pavlovski v. Klassing,* 134 Ga. 704 (68 SE 511). In fact, she made it plain to him, before the deed was delivered to her, that she doubted that she would remain with him. After living with him for six months, she again separated from him, and filed another divorce petition, on the ground of cruel treatment (the present case). The jury found from the evidence that she was entitled to a divorce, thus adjudicating that she was justified in again separating herself from him.

There is no evidence in the record from which the jury was authorized to find that the wife was guilty of inceptive fraud in obtaining the deed from her husband, and the trial court erred in refusing to direct a judgment notwithstanding the verdict on the issue of the cancellation of the deed.

In view of this ruling, it is unnecessary to deal with other enumerated errors on the issue of the cancellation of the deed.

The evidence established the fact that the income of the wife was larger than that of the husband, and the jury was authorized to refuse to require the husband to pay alimony for her support.

The judgment is affirmed except as to that part canceling the deed made by the husband to the wife.

*Judgment affirmed in part; reversed in part. All the Justices concur.*