## 35112. McCRAVY et al. v. McCRAVY.

BOWLES, Justice.

This appeal is from an order of Douglas Superior Court cancelling, setting aside and declaring invalid a certain deed from appellee Charles Alton McCravy to Otis J. McCravy, filed on February 15, 1968, and adjudging that appellee Charles Alton McCravy is the owner of a one-third undivided interest in certain property commonly referred to as Lakeside Mobile Home Park in Douglas County, Georgia.

Appellants and appellee are brothers, the sons of Otis J. McCravy, deceased. In deeds dated May 5, 1966, and August 1, 1966, Otis J. McCravy deeded forty-two acres of real estate in Douglas County, Georgia, in equal shares to his three sons. On February 15, 1968, appellee reconveyed his one-third interest in the property back to his father. On February 21, 1968, Otis J. McCravy deeded the one-third interest returned to him by appellee to appellants.

On May 26, 1976, appellee filed a petition in equity alleging fraud, seeking to set aside the February 15, 1968 deed and asking restoration to appellee of a one-third interest in the mobile home park property. Appellee alleged that he had been fraudulently induced to reconvey his one-third interest in the property to Otis J. McCravy after being falsely informed that appellants were also deeding back their fractional shares, vesting sole title in the land in Otis J. McCravy so as to enable him to borrow money against the land. Appellee understood that the land was to pass back to the three sons at the death of Otis J. McCravy, through his will.

The case was heard by a jury who returned a verdict in favor of appellee. Pursuant to that verdict the trial court entered its order, setting aside the deed and declaring appellee to be the owner of a one-third undivided interest in the property. We affirm.

1. Appellants complain that the trial court erred in excluding evidence of the personal relationship between appellee and his mother. At trial appellee took the position that because of the relationship of trust and confidence he had with his father and brothers, he did not

learn of the alleged fraud perpetrated upon him until his father's death, at which time he learned that the one-third interest he had conveyed to his father in February, 1968, was not a part of the father's estate, but had been deeded to appellants.

Appellants sought to show that no confidential relationship existed between appellee and his father in 1968, by offering evidence that appellee had a poor relationship with his mother at that time. The trial court refused to allow the evidence unless some relevancy was shown. We find no error.

Testimony as to appellee's relationship with his father and his brothers was allowed. Appellee's mother and father were divorced at the time in question. Appellants' counsel failed to illustrate how appellee's relationship with his mother had any bearing on appellee's relationship with his father and brothers. The excluded evidence was not relevant to the issue and was properly excluded.

2. Appellants complain that the trial court erred in denying their motion for directed verdict on the ground that any promises allegedly made to appellee by Otis J. McCravy were unenforceable promises to perform an act in the future and could not form the basis of an action for fraud.

The alleged fraud existed in misrepresentations made by Otis J. McCravy to appellee that appellants were also transferring their interest in the property to their father for the sole purpose of allowing Otis J. McCravy to obtain a loan, with the understanding that the interest in the land would be willed to appellee at the father's death. Appellee contended that the misrepresentation was made with the present knowledge that this was false. "While fraud cannot generally be based on instances of misrepresentations as to future events, it may consist of such instances if, when the misrepresentation is made, the defendant knows that the future event will not take place." *Hayes v. Hallmark Apts.*, 232 Ga. 307 (1) (207 SE2d 197) (1974). *Sutton v. McMillan*, 213 Ga. 90 (4) (97 SE2d 139) (1957). Additionally, the misrepresentation that the appellants were at the same time deeding their interest to the father was a present event, which did not

occur. The jury was authorized to find these misrepresentations to be a part of a fraudulent scheme.

Under the evidence presented in this case, the trial court was correct in denying appellants' motion for directed verdict, and allowing the jury to decide the issues.

3. Appellants complain the trial court erred in ruling that they were incompetent as witnesses to testify concerning transactions and communications with their father. The testimony was hearsay and was properly excluded.

4. Appellants complain the trial court erred in denying their motion for directed verdict on the ground that the statute of limitations had expired. It is undisputed that the applicable statute of limitations was seven years from discovery of the fraud. *Stephens v. Walker,* 193 Ga. 330 (18 SE2d 537) (1942).

The recording of the February 21, 1968, deeds from Otis J. McCravy to appellants was only one circumstance bearing on whether the fraud was or should have been discovered on that date. *Jones v. Spindel,* 239 Ga. 68 (235 SE2d 486) (1977). The factual determination of when the statute of limitations began to run was properly left for the jury.

5. Appellants complain the trial court erred in excluding testimony of Paul McCravy and F. O. McCravy concerning representations made to them by Otis J. McCravy as to his reasons for transferring a one-third interest of the mobile home park property to appellants. The testimony was properly excluded as hearsay.

6. Appellants complain the trial court erred in failing to charge the jury on the clean hands doctrine. The trial court ruled that appellee was guilty of no misconduct and, therefore, the doctrine of clean hands was not relevant to the case. We agree with this ruling of the trial judge and find no error.

7. Appellants complain the trial court erred in charging the jury that "where the promise of the grantee in a deed was the consideration inducing the grantor to execute the deed, and where the grantee failed to comply with the promise, and where such promise was made with the present intention on the part of the grantee not to

comply with the promise, such factual circumstances authorizes the jury to cancel and set aside the said deed."

The charge was a correct statement of the law, and authorized by the facts presented. *Bucher v. Christopher,* 211 Ga. 317 (85 SE2d 760) (1955); *Dye v. Dye,* 231 Ga. 533 (202 SE2d 418) (1973). We find no error.

8. We find no error in the trial court's denials of appellants' motion for directed verdict and their subsequent motion for judgment notwithstanding the verdict.

*Judgment affirmed. All the Justices concur.*

ARGUED JULY 11, 1979 — DECIDED SEPTEMBER 10, 1979 — REHEARING DENIED SEPTEMBER 26, 1979.

*Lawrence J. McEvoy, Jr.,* for appellants.
*Frank Gore,* for appellee.